TINA R. SILLERY, PLAINTIFF v. SCOTT THOMAS SILLERY, DEFENDANT

No. COA04-334

(Filed 18 January 2005)

**Appeal and Error— notice of appeal from additional findings— not timely**

An appeal from a child custody order was dismissed where the trial court made additional findings and plaintiff missed the deadline for filing notice of appeal from that order. The appellate court does not acquire jurisdiction without a proper notice of appeal, and neither the court nor the parties may waive the jurisdictional requirements, even for good cause.

Appeal by plaintiff from judgment entered 29 July 2003 by Judge Jerry A. Jolly in Brunswick County District Court. Heard in the Court of Appeals 2 December 2004.

*J. Albert Clyburn, P.L.L.C., by J. Albert Clyburn, for plaintiff-appellant.*

*Hosford & Hosford, P.L.L.C., by Sofie W. Hosford, for defendant-appellee.*

TIMMONS-GOODSON, Judge.

Tina Sillery ("plaintiff") appeals an order of the trial court permitting Scott Sillery ("defendant") to relocate, with custody of the parties' minor child, to West Virginia. For the reasons stated herein, we dismiss the appeal.

The pertinent factual and procedural history of this case is as follows: Plaintiff and defendant were married from 31 October 1993 to 28 September 1995. Their son, Chad Thomas Sillery, was born 23 May 1994. At the time of the parties' divorce, the trial court awarded primary custody of Chad to plaintiff with visitation rights for defendant. On 5 March 2002, the trial court modified the custody arrangement, awarding primary custody of Chad to defendant with visitation rights for plaintiff. On 8 April 2003, defendant filed a Motion in the Cause, seeking a modification in the custodial order which would accommodate defendant's plans to relocate with Chad to West Virginia. Plaintiff filed a response to defendant's motion whereby she requested that, if defendant relocated to West Virginia, she be awarded primary custody of Chad.

On 29 July 2003, the trial court heard evidence on defendant's custody modification motion and issued an order containing the following conclusions of law:

1. That a substantial and material change of circumstances has occurred regarding the best interests of the parties' minor child.

2. That the Defendant is relocating to the state of West Virginia and the same will adversely affect the welfare of the parties' minor child in that the relocation will prevent the said child from being geographically situated close to his mother.

3. That the best interests of the parties' minor child require that his primary care, custody and control remain with the Defendant and secondary custody to the Plaintiff in the form of visitational [sic] privileges.

The trial court ordered that "the primary care, custody and control of Chad Thomas Sillery be and hereby is ordered to remain with the Defendant." The trial court further ordered that "the secondary care, custody and control of the aforesaid minor child be and hereby is ordered to remain with the Plaintiff subject to a modified visitational [sic] schedule."

On 12 August 2003, plaintiff filed a Rule 52(b) Motion for Additional Findings of Fact requesting, *inter alia*, the following addition to the 29 July 2003 custody order: "That the Court include a conclusion of law as follows: 'that this Court is without authority to prevent the Defendant from relocating with the parties' minor child from Brunswick County, North Carolina to Glengarry, West Virginia.' " The trial court granted plaintiff's motion and filed, on 12 August 2003, an amended order incorporating the specific conclusion of law requested by plaintiff. Plaintiff also filed, on 12 August 2003, a notice of appeal of the 29 July 2003 order. Plaintiff filed a notice of appeal on 23 September 2003 of the 12 August 2003 order. On 23 October 2003, plaintiff and defendant executed a stipulation purporting to extend the time in which to file the notice of appeal for the order entered 12 August 2003 until 23 September 2003.

---

The issue presented by this case is whether plaintiff has preserved for appeal any issue relative to the 29 July 2003 custody order. Because we conclude that plaintiff has failed to raise any issue arising out of the 29 July 2003 order, we dismiss the appeal.

The Rules of Appellate Procedure provide the time for taking appeals as follows:

In civil actions and special proceedings, a party must file and serve a notice of appeal:

(1) within 30 days after entry of judgment if the party has been served with a copy of the judgment within the three-day period prescribed by Rule 58 of the Rules of Civil Procedure; or

. . . .

(3) if a timely motion is made by any party for relief under Rules 50(b), 52(b) or 59 of the Rules of Civil Procedure, the 30-day period for taking appeal is tolled as to all parties until entry of an order disposing of the motion and then runs as to each party from the date of entry of the order or its untimely serv-

ice upon the party, as provided in subsections (1) and (2) of this subdivision (c).

N.C.R. App. P. 3(c) (2004). Civil Procedure Rule 52(b) allows for the amendment of findings by the trial court and provides that "[u]pon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly." N.C.R. Civ. P. 52(b) (2004).

In the present case, the trial court entered its original judgment on 29 July 2003. Plaintiff filed the Motion for Additional Findings of Fact on 12 August 2003, fourteen calendar days after the judgment was entered and four days after the time for seeking such an amendment expired. Nevertheless, the trial court decided the merits of plaintiff's motion. Plaintiff then filed the Notice of Appeal of the 12 August 2003 order on 23 September 2003, forty-two days after the order granting the Motion for Additional Findings of Fact was entered, and twelve days after the time for filing a notice of appeal had expired. Thus, we dismiss plaintiff's appeal of the 12 August 2003 order for failure to comply with the time limit set forth in N.C.R. App. P. 3(c)(3). "Without proper notice of appeal, the appellate court acquires no jurisdiction and neither the court nor the parties may waive the jurisdictional requirements even for good cause shown under Rule 2." *Bromhal v. Stott*, 116 N.C. App. 250, 253, 447 S.E.2d 481, 483 (1994), *aff'd*, 341 N.C. 702, 462 S.E.2d 219 (1995).

Plaintiff's sole argument on appeal asserts that the trial court erred by concluding as a matter of law that it had "no authority to restrict the Defendant from moving with the parties' minor child from Brunswick County, North Carolina to the state of West Virginia." Notwithstanding the substantial energy and effort that plaintiff devotes to addressing the issue in her brief, the question is not properly before this Court. Plaintiff assigned error to a conclusion of law which appears in the 12 August 2003 order, not the 29 July 2003 order which is the only order properly appealed to this Court.

Because the appeal of the 12 August 2003 order is the basis for plaintiff's sole assignment of error, dismissing the appeal on these grounds disposes of this matter in its entirety.

DISMISSED.

Judges TYSON and GEER concur.