ROSENSTADT v. QUEENS TOWERS HOMEOWNERS' ASS'N

[177 N.C. App. 273 (2006)]

---

BERNADETTE M. ROSENSTADT, Trustee of the Rosenstadt Family Trust, and, ELAINE M. LEUSCHNER, Plaintiffs v. QUEENS TOWERS HOMEOWNERS' ASSOCIATION, INC., a North Carolina non-profit Corporation, RANDY GROVES and ROBERTA HAYES, Defendants

No. COA05-996

(Filed 18 April 2006)

**1. Judges— clarification of order—not improper modification**

A second superior court judge did not improperly modify or overrule the order of another superior court judge granting plaintiffs access to review the financial records of defendant homeowners association where the earlier order did not specify where the records could be examined or if copies of the records would be sufficient to comply with the order, and the second judge simply clarified how defendants were to make the records available to plaintiff.

### 2. Costs— attorney fees—failure to make findings of fact or conclusions of law—abuse of discretion standard

The trial court did not abuse its discretion in an action seeking access to review defendant homeowners association's financial records by denying plaintiffs' claim for attorney fees without making findings of fact or conclusions of law with respect to that claim, because the trial court's decision was not unsupported by reason. N.C.G.S. 47C-4-117.

### 3. Appeal and Error— notice of appeal—timeliness

Plaintiffs failed to file a timely notice of appeal from the 27 August 2004 order in an action seeking access to review defendant homeowners association's financial records, and plaintiffs' appeal is dismissed, because: (1) plaintiffs did not file notice until more than thirty days after entry of judgment for the 27 August 2004 order; (2) contrary to plaintiffs' contention, the 27 August 2004 order was not an interlocutory order since it resolved all issues in the complaint and counterclaim; and (3) an appeal must be dismissed if the jurisdictional requirements of N.C. R. App. P. 3 are not met.

Appeal by Plaintiffs from order entered 27 August 2004 by Judge Richard D. Boner and order entered 23 March 2005 by Judge Robert P. Johnston in Superior Court, Mecklenburg County. Heard in the Court of Appeals 6 March 2006.

*Davies & Grist, LLP, by Kenneth T. Davies, for plaintiff-appellants.*

*Sellers, Hinshaw, Ayers, Dortch & Lyons, P.A., by Michelle Price Massingale & Timothy G. Sellers, for defendant-appellees.*

WYNN, Judge.

"[O]rdinarily one judge may not modify, overrule, or change the judgment of another Superior Court judge previously made in the same action." *State v. Woolridge*, 357 N.C. 544, 549, 592 S.E.2d 191, 194 (2003) (citation omitted). In this appeal, Plaintiffs argue that Superior Court Judge Robert P. Johnston improperly modified an earlier order of Superior Court Judge Richard D. Boner. Because Judge Johnston's order clarified rather than changed the judgment of Judge Boner's previous order, we affirm Judge Johnston's order.

On 21 July 2003, Plaintiffs Bernadette Rosenstadt and Elaine M. Leuschner brought an action against Defendants Queens Towers Homeowners' Association, Inc., Randy Groves, and Roberta Hayes seeking the right to review Defendants' financial records, a declaratory judgment that they have the right to attend board meetings and a declaratory judgment that non-owners cannot be on association committees. Defendants filed an answer and counterclaim alleging conversion of records and breach of fiduciary duty.

On 27 August 2004, Superior Court Judge Richard D. Boner granted summary judgment in favor of Plaintiffs, allowing them to examine Defendants' financial records but denied Plaintiffs' requests for declaratory judgment. Judge Boner also granted Defendants' request that Plaintiffs return all records but denied their motion to dismiss the individual Defendants.

On 13 December 2004, Plaintiffs filed a Motion for Contempt, which included a request for attorneys' fees. On 13 January 2005, Defendants filed a "Motion for Protective Order and Request for Clarification of August 27, 2004 Order."

On 23 March 2005, Superior Court Judge Robert P. Johnston entered an order denying Plaintiffs' request for attorneys fees, denying Plaintiffs' Motion for Contempt, granting Defendants' Motion for Protective Order and clarifying the previous 27 August 2004 Order. Plaintiffs appeal from the 27 August 2004 and 23 March 2005 orders.

---

[1] We first address Plaintiffs' argument that Judge Johnston erred in modifying the 27 August 2004 order as one superior court judge may not modify the order of another superior court judge. We disagree.

"The power of one judge of the superior court is equal to and coordinate with that of another[.]" *Michigan Nat'l Bank v. Hanner*, 268 N.C. 668, 670, 151 S.E.2d 579, 580 (1966).

Accordingly, it is well established in our jurisprudence 'that no appeal lies from one Superior Court judge to another; that one Superior Court judge may not correct another's errors of law; and that ordinarily one judge may not modify, overrule, or change the judgment of another Superior Court judge previously made in the same action.'

*Woolridge*, 357 N.C. at 549, 592 S.E.2d at 194 (citation omitted). The purpose behind this rule was stated by our Supreme Court in *Woolridge*:

> The reason one superior court judge is prohibited from reconsidering the decision of another has remained consistent for over one-hundred years. When one party "waits for another judge to come around and [takes its] chances with him," and the second judge overrules the first, an " 'unseemly conflict' " is created. Given this Court's intolerance for the impropriety referred to as "judge shopping" and its promotion of collegiality between judges of concurrent jurisdiction, this " 'unseemly conflict' . . . will not be tolerated."

*Id.* at 550, 592 S.E.2d at 194 (internal citations omitted).

In this case, Judge Johnston neither overruled nor modified Judge Boner's 27 August 2004 order; instead, he simply clarified how Defendants were "to make such records available to the Plaintiffs." The earlier order by Judge Boner did not specify, for future requests to examine records, where the records could be examined or if copies of the records would be sufficient to comply with the order. Because the parties could not come to an understanding themselves, Judge Johnston's 23 March 2005 order clarified how Defendants would make records available to Plaintiffs. This was not "judge shopping" by Defendants; rather, it was a request by Defendants for clarification of a previous order after the parties could not agree. Accordingly, we reject this assignment of error.

[2] Next, we consider Plaintiffs' argument that Judge Johnston abused his discretion in denying their claim for attorneys' fees without making any findings of fact or conclusions of law with respect to that claim.

Section 47C-4-117 of the North Carolina General Statutes states that if a party violates provisions of Chapter 47C, then "[t]he court *may* award reasonable attorney's fees to the prevailing party." N.C. Gen. Stat. § 47C-4-117 (2005) (emphasis added). It is left to the sound discretion of the trial court whether attorney fees will be granted. To show an abuse of discretion, Plaintiffs must prove that the trial court's ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision. *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988). As we find that the trial court's decision was not unsupported by reason, we hold that the trial court did not abuse its discretion in denying Plaintiffs' request for attorney fees.

[3] Finally, regarding Plaintiffs' appeal from the 27 August 2004 order, we must hold that Plaintiffs did not timely file a Notice of

Appeal from it. Rule 3 of the North Carolina Rules of Appellate Procedure requires that: "In civil actions and special proceedings, a party must file and serve a notice of appeal: (1) within 30 days after entry of judgment . . . ." N.C. R. App. P. 3(c). Plaintiffs did not file Notice of Appeal until 4 April 2005, more than thirty days after entry of judgment for the 27 August 2004 order. However, Plaintiffs state in their statement of grounds for appellate review that the 27 August 2004 order was interlocutory and not immediately appealable. But since the 27 August 2004 order resolved all issues in the complaint and counterclaim, the order was final and immediately appealable. *Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950) ("A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court.").

Rule 3 is jurisdictional, and if the requirements of this rule are not complied with, the appeal must be dismissed. *Sillery v. Sillery*, 168 N.C. App. 231, 234, 606 S.E.2d 749, 751 (2005) (notice of appeal was not filed until after the time for filing had expired); *Von Ramm v. Von Ramm*, 99 N.C. App. 153, 156, 392 S.E.2d 422, 424 (1990) (notice of appeal from denial of a motion to set aside a judgment which does not also specifically appeal the underlying judgment does not properly present the underlying judgment for review). Accordingly, Plaintiffs' assignments of error and related arguments assigning error to the 27 August 2004 order must be dismissed.

Affirmed in part; Dismissed in part.

Chief Judge MARTIN and Judge STEPHENS concur.