CATAWBA VALLEY BANK, Plaintiff v. GLENN D. PORTER and SHEILA A. PORTER, d/b/a CAROLINA CARS AND BOATS, Defendants

No. COA07-737

(Filed 15 January 2008)

**Civil Procedure; Unfair Trade Practices— attorney fees—Rule 60 motion improper for relief from errors of law or erroneous judgments**

The trial court erred in a case arising out of breach of loan agreements by awarding $7,500 in attorney fees under N.C.G.S. § 75-16.1 to defendants in an amended order entered in response to defendant's N.C.G.S. § 1A-1, Rule 60 motion raising the issue of whether the trial court applied the correct legal standard in its ruling on defendants' motion for attorney fees, because: (1) the trial court improperly addressed an error of law raised by defendants' Rule 60 motion, and it is well-settled that Rule 60(b)(6) does not include relief from errors of law or erroneous judgments; and (2) the proper remedy for errors of law committed by the court is

either appeal or a timely motion for relief under N.C.G.S. § 1A-1, Rule 59(a)(8).

Appeal by Plaintiff from judgment entered 9 April 2007 by Judge Timothy S. Kincaid in Catawba County Superior Court. Heard in the Court of Appeals 13 December 2007.

*Young, Morphis, Bach & Taylor, L.L.P., by T. Dean Amos and Jimmy R. Summerlin, Jr., for Plaintiff-Appellant.*

*Sigmon, Clark, Mackie, Hutton, Hanvey & Ferrell, P.A., by Warren A. Hutton and Nancy L. Huegerich, for Defendant-Appellees.*

ARROWOOD, Judge.

Catawba Valley Bank (Plaintiff) appeals from an order awarding attorneys' fees to Glenn and Sheila Porter (Defendants). We vacate the court's order.

Plaintiff filed suit against Defendants on 6 July 2005. Plaintiff's complaint alleged that the parties had executed five Promissory Notes and Security Agreements, obligating Defendants to repay Plaintiff more than $200,000.00; that the loans were secured by certain motor vehicles; and that Defendants were in default on these loans. Plaintiff sought judgment in the amount owed on the notes plus interest and attorney's fees, and recovery of the collateral securing the notes. Defendants filed an answer on 6 September 2005, denying the material allegations of the complaint and asserting counterclaims for breach of contract, wrongful repossession, and unfair and deceptive trade practices. In its Reply to Defendants' counterclaims, Plaintiff admitted that they had mistakenly repossessed one item and denied the other allegations of Defendants' counterclaims.

The case was tried before a Catawba County jury in November 2006. On 17 November 2006, the jury returned a verdict finding that Defendants had breached the five loan agreements, and awarding Plaintiff the monies owed on the notes. The jury also found that Plaintiff's wrongful repossession of Defendants' trailer was an act in or affecting commerce that caused injury to Defendants, and awarded Defendants the sum of $6,000.00. Defendants moved for costs and attorneys fees, pursuant to N.C. Gen. Stat. § 75-16.1 (2005).

On 11 December 2006 the trial court entered judgment awarding Plaintiff money owed under the loan agreements, and granting

Defendants' request for trebled damages. In a separate order, the trial court denied the motions of Plaintiff and Defendants for attorney's fees. Also on 11 December 2006 Defendants filed a motion asking the trial court to "reconsider and amend judgment pursuant to Rule 60 of the North Carolina Rules of Civil Procedure." On 9 April 2007 the court entered an amended order awarding Defendants' counsel $7,500.00 in attorney's fees. From this order Plaintiff has appealed.

---

Plaintiff argues first that the trial court erred by entering its order for attorney's fees, on the grounds that the court improperly addressed the error of law raised by Defendants' Rule 60 motion. We agree.

In its order denying Defendants' motion for attorney's fees, the trial court stated in pertinent part that:

1. The factual evidence in this case is that the Defendants prevailed on one of its claims for unfair and deceptive trade practices[.] . . .

2. There were some requests by the court for counsel and their clients to attempt to resolve the matter, however, the matter was not resolved.

3. There is nothing in the file and no evidence was presented by Defendants[] to show that there was an unwarranted refusal to fully resolve the matter . . . and no affidavits or other evidence have been introduced on that issue.

Following the entry of this order, Defendants moved the court to reconsider and amend its order, pursuant to N.C. Gen. Stat. § 1A-1, Rule 60 (2005). Defendants asserted in pertinent part that:

3. At the hearing on attorney's fees requested by Defendants' counsel of record, the Court's questions seemed to indicate that there was no evidence offered of an attempt to "settle the matter" after the institution of the action.

4. [B]ased upon a review of the law, Defendants' counsel urges the Court to reconsider this matter, as it is not necessary to find a failed attempt to settle the matter after institution of the action in order to qualify under N.C. Gen. Stat. § 75-16.1 as an "unwarranted refusal by such party to fully resolve the matter which constitutes the basis of such suit."

Wherefore, Defendants' attorney of record prays the court that the prior Order Denying Attorney's Fees be amended pursuant to Rule 60 of the North Carolina Rules of Civil Procedure to grant attorney's fees to Defendants' counsel of record pursuant to N.C. Gen. Stat. § 75-16.1

In its amended order granting Defendants' counsel attorney's fees, the trial court's findings included the following:

1. That the Court applied the wrong legal standard upon Defendants' initial Motion for Attorneys' Fees and Costs and erroneously held that a failed attempt to settle the action after its institution was a necessary finding in awarding a prevailing party attorney's fees and costs . . . pursuant to N.C. Gen. Stat. § 75-16.1[.] . . . Defendants' Motion to Reconsider and Amend Judgment should be Granted and the appropriate standard applied;

2. That the actions of Plaintiff in violating N.C. Gen. Stat. § 75-1.1 *et seq.* were willful;

3. That Plaintiff refused to resolve the matter fully;

4. That the sum of $7,500.00 is a reasonable attorney's fees for Defendants' counsel[.]

We conclude that Defendants' motion raised an issue of law— whether the trial court applied the correct legal standard in its initial ruling on Defendants' motion for attorney's fees. The court's amended order clearly states that it is entered in response to Defendants' Rule 60 motion, and that the purpose of the order is to correct an error of law.

"[I]t is well settled that Rule 60(b)(6) does not include relief from errors of law or erroneous judgments. 'The appropriate remedy for errors of law committed by the court is either appeal or a timely motion for relief under N.C.G.S. Sec. 1A-1, Rule 59(a)(8).' In the present case, defendants based their Rule 60(b)(6) motion for relief on alleged errors of law. Rule 60(b)(6) may not be used as an alternative to appellate review, however." *Baxley v. Jackson*, 179 N.C. App. 635, 638, 634 S.E.2d 905, 907 (quoting *Garrison ex rel. Chavis v. Barnes*, 117 N.C. App. 206, 210, 450 S.E.2d 554, 557 (1994)), *dis. review denied*, 360 N.C. 644, 638 S.E.2d 462 (2006) (internal quotation marks omitted).

Moreover, "[t]o be valid a judgment need not be free from error. Normally no matter how erroneous a final valid judgment may be on either the facts or the law, it has binding *res judicata* and collateral estoppel effect in all courts[.]" *King v. Grindstaff*, 284 N.C. 348, 360, 200 S.E.2d 799, 808 (1973). Consequently, a party who fails to appeal from an erroneous judgment may be bound by its ruling:

> Because the trial judge did make a determination that [Defendants were] not entitled to [attorney's fees] as a matter of law . . . [Defendants] may be bound by this determination despite the fact that it was erroneous. The normal method for obtaining relief from judgments flawed by error of law is through appeal to our appellate courts. [Defendants] had the opportunity to have the trial judge's erroneous determination corrected in this manner. It failed to do so. Therefore, [they] may properly be bound by the earlier judge's determination that [they were] not entitled to [attorney's fees.]

*Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 432, 349 S.E.2d 552, 558 (1986). We conclude that Defendants improperly sought relief from an error of law by means of a Rule 60 motion. Our resolution of this issue renders it unnecessary to reach Plaintiff's other appellate issue.

Defendants argue that the trial court had the authority to correct its own legal errors. In the instant case, however, the trial court's amended order was entered, not pursuant to its inherent authority nor under N.C. Gen. Stat. § 1A-1, Rule 59 (2005), but in an order granting Defendants' motion under Rule 60. As discussed above, Rule 60 is an improper mechanism for obtaining review of alleged legal error.

For the reasons discussed above, the trial court's order awarding attorney's fees to Plaintiff's counsel is

Vacated.

Judges TYSON and JACKSON concur.