IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA18-463

Filed: 19 March 2019

Robeson County, No. 09 CVS 3854

ASSOCIATE BEHAVIORAL SERVICES, INC. and GREGORY MOORE, Plaintiffs,

v.

SHIRLEY SMITH, JEANETTE SMITH, and LIFE CHANGING BEHAVIORAL HEALTH SERVICES, LLC, Defendants.

Appeal by defendant from order entered 4 December 2017 by Judge John R. Jolly, Jr. in Robeson County Superior Court. Heard in the Court of Appeals 28 November 2018.

> *Hutchens Law Firm LLP, by Davis W. Puryear and H. Terry Hutchens, for plaintiff-appellee Associate Behavioral Services, Inc.*
>
> *Robert R. Underwood, II, for plaintiff-appellee Gregory Moore.*
>
> *The Charleston Group, by Jose A. Coker and R. Jonathan Charleston, for defendant-appellant Shirley Smith.*

DAVIS, Judge.

In this case, we consider whether the trial court erred by denying a defendant's motion for reconsideration of the court's prior order declining to award her attorneys' fees. Because the motion for reconsideration did not assert any of the grounds upon which relief may be granted under Rule 60(b) of the North Carolina Rules of Civil Procedure and instead requested reconsideration based on an entirely new legal theory, we affirm.

**Factual and Procedural Background**

In 2003, defendant Shirley Smith and Gregory Moore founded Associate Behavioral Services, Inc. ("ABS"), a company that provided home care services to mentally ill and developmentally disabled persons in North Carolina. Moore and Smith each owned fifty percent of ABS's shares. The relationship between Moore and Smith ultimately soured after frequent disagreements as to the management of ABS.

The decline of this relationship culminated on 22 October 2009, when Moore and ABS filed a complaint in Robeson County Superior Court against Smith, her sister Jeanette Smith, and Life Changing Behavioral Services, LLC ("LCBS"), a business the two sisters had formed together. The complaint contained a number of claims for relief, including conversion, diversion of corporate opportunities, unfair and deceptive trade practices, fraud, tortious interference with contract, and civil conspiracy. On 7 December 2009, Smith filed a motion to dismiss and an answer containing counterclaims for fraud, conversion, diversion of corporate opportunities, unfair and deceptive trade practices, breach of fiduciary duty, unjust enrichment, and gross mismanagement. Smith's answer also included a request for dissolution of ABS, receivership, and an accounting.

A hearing on Smith's motion for the appointment of a receiver was held before the Honorable Robert F. Floyd on 8 December 2009. On 2 February 2010, the trial court entered an order granting the motion and appointing a receiver. The case was

subsequently designated a mandatory complex business case on 23 February 2010 and transferred to the North Carolina Business Court two days later.

On 8 July 2011, the trial court entered an order dismissing all claims against Jeanette Smith and LCBS. Based on its determination that neither Moore nor Smith had standing to assert claims or counterclaims on behalf of ABS, the trial court entered an order dismissing these claims on 11 August 2011. The order further provided that "[t]he [c]laims against Smith and the [c]ounterclaims against Moore asserted in this matter shall remain in place, but may be prosecuted only by and on behalf of ABS, acting through the Receiver."

On 16 January 2013, Moore filed a motion to remove the receiver and dissolve the receivership. In addition, he made a separate motion to (1) allow him to pursue derivative claims on behalf of ABS; (2) permit him to pursue his individual claims against Smith; and (3) reinstate the claims against Jeanette Smith and LCBS. Smith filed a response to Moore's motions on 5 February 2013 in which she requested an award of attorneys' fees pursuant to Rule 11 of the North Carolina Rules of Civil Procedure and N.C. Gen. Stat. § 6-21.5.

On 18 July 2016, the trial court issued an order (the "Dismissal Order") that (1) dismissed all of the parties' remaining claims and counterclaims; (2) directed that the receiver liquidate and dissolve ABS; and (3) ordered that once the liquidation and

dissolution had occurred the receiver would be discharged and the receivership dissolved.

On that same date, the court also entered a separate order (the "Attorneys' Fees Order") denying Smith's motion for attorneys' fees. The court ruled that although Moore had engaged in misconduct that materially delayed the action and caused harm to ABS, the conduct was "not related to any pleading, motion, or other court paper" and thus Rule 11 was "not the vehicle for imposing sanctions."

On 23 August 2016, Smith filed a motion for reconsideration as to the Attorneys' Fees Order, which stated, in relevant part, as follows:

> 3. The Court in denying Smith's motion for attorney's fees stated that "[g]iven the nature of the complained of conduct, however, it appears Rule 11 is not the vehicle for imposing sanctions based on that misconduct." . . .
>
> 4. Based on the above, Smith now respectfully moves the Court, pursuant to N.C.G.S. § 55-7-46(2), to permit the payment of reasonable attorneys' fees to Smith due to the harm caused by Moore's unreasonable conduct in delaying and obstructing the prosecution of this action which he initiated, individually and on behalf of ABS.

The trial court entered an order (the "Reconsideration Order") on 4 December 2017 denying Smith's motion. On 3 January 2018, Smith filed a notice of appeal with this Court.

**Analysis**

In her notice of appeal, Smith stated her intent to appeal both the Attorneys' Fees Order and the Reconsideration Order. We address each in turn.

**I.    Attorneys' Fees Order**

Rule 3 of the North Carolina Rules of Appellate Procedure requires that parties to a civil action file and serve a notice of appeal within thirty days after entry of a final judgment. *Rosenstadt v. Queens Towers Homeowners' Ass'n*, 177 N.C. App. 273, 276-77, 628 S.E.2d 431, 433 (2006). "A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." *Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950) (citation omitted).

Here, as Smith concedes, the two 18 July 2016 orders collectively constituted a final judgment because they disposed of all of the parties' claims and counterclaims, ordered dissolution of ABS, and denied Smith's motion for attorneys' fees. Nevertheless, she did not file her notice of appeal of the Attorneys' Fees Order until well after thirty days had elapsed from the date of the order.

It is well established that "[m]otions entered pursuant to Rule 60 do not toll the time for filing a notice of appeal." *Wallis v. Cambron*, 194 N.C. App. 190, 193, 670 S.E.2d 239, 241 (2008). Thus, if a party files a motion for reconsideration under Rule 60(b) but fails to appeal the underlying order within thirty days, the appeal is untimely as to that order. *Sea Ranch II Owners Ass'n, Inc. v. Sea Ranch II, Inc.*, 180 N.C. App. 226, 228-29, 636 S.E.2d 332, 333-34 (2006). Therefore, because Smith

failed to give notice of appeal within thirty days of the entry of the Attorneys' Fees Order, her right to appeal that order was lost.

## II. Reconsideration Order

Unlike Smith's appeal of the Attorneys' Fees Order, her appeal of the Reconsideration Order is properly before us given that she filed her notice of appeal within thirty days of that order. Although her motion for reconsideration did not cite a specific Rule of Civil Procedure, it is well established that Rule 60(b) governs motions for reconsideration in this context. *See, e.g., Henderson v. Wachovia Bank of N.C.*, 145 N.C. App. 621, 626-28, 551 S.E.2d 464, 468-70 (applying Rule 60(b) to defendant's motion for relief from entry of default judgment), *disc. review denied*, 354 N.C. 572, 558 S.E.2d 869 (2001). "[R]elief under Rule 60(b) is within the discretion of the trial court, and such a decision will be disturbed only for an abuse of discretion." *Harrington v. Harrington*, 38 N.C. App. 610, 612, 248 S.E.2d 460, 461 (1978) (citation omitted).

Rule 60(b) provides, in pertinent part, as follows:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) Mistake, inadvertence, surprise, or excusable neglect;
>
> (2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) Fraud . . . misrepresentation, or other misconduct of an adverse party;

(4) The judgment is void;

(5) The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) Any other reason justifying relief from the operation of the judgment.

N.C. R. Civ. P. 60(b). "It is well settled that Rule 60(b)(6) does not include relief from errors of law or erroneous judgments." *Catawba Valley Bank v. Porter*, 188 N.C. App. 326, 329, 655 S.E.2d 473, 475 (2008) (citation and quotation marks omitted).

Here, although Smith's original motion for attorneys' fees was based upon Rule 11, her motion for reconsideration was premised on an entirely new legal basis — N.C. Gen. Stat. § 55-7-46(2). As a result, her motion did not fall within any of the enumerated grounds for relief under Rule 60(b).[1] Smith has failed to cite any legal authority for the proposition that Rule 60(b) permits a litigant to "swap horses" in a motion for reconsideration by seeking relief under a new legal theory. Nor has our own research disclosed any support for such an argument. Indeed, our caselaw suggests that the contrary is true. *See Town of Sylva v. Gibson*, 51 N.C. App. 545, 548, 277 S.E.2d 115, 117 (1981) (holding that trial court erred in granting defendant's

---

[1] Indeed, Smith's brief does not argue as to the applicability of any specific provision of Rule 60(b).

motion for relief from prior order awarding attorneys' fees to opposing party by modifying that order pursuant to Rule 60(b) "so as to apply a different principle or rule of law to the portion of the prior judgment awarding attorney's fees"). Therefore, we conclude that the trial court did not err in denying Smith's motion for reconsideration.

## Conclusion

For the reasons stated above, we affirm the trial court's 4 December 2017 order.

AFFIRMED.

Judges HUNTER, JR. and BERGER concur.