#27050-r-SLZ

**2014 S.D. 84**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

JULIA HAVLIK, individually and
representing HAVLIK FARMS, INC.,         Plaintiff and Appellee,

     v.

GEORGE HAVLIK, EDWARD
HAVLIK and BRIAN HAVLIK,         Defendants and Appellants.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FIRST JUDICIAL CIRCUIT
BRULE COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE BRUCE V. ANDERSON
Judge

* * * *

DAVID J. LARSON
JESSICA HEGGE of
Larson Law, PC
Chamberlain, South Dakota         Attorneys for plaintiff
and appellee.


RORY KING of
Bantz, Gosch & Cremer, LLC
Aberdeen, South Dakota         Attorneys for defendants
and appellants.


* * * *

CONSIDERED ON BRIEFS
ON NOVEMBER 17, 2014
OPINION FILED **12/10/14**

#27050

ZINTER, Justice

[¶1.]        Julia and George Havlik were married and operated a farm together. Julia filed for a separation, a division of their marital assets, and later sought support. The circuit court divided the parties' property and ordered George to pay Julia monthly spousal support because of a disparity in their social security benefits. George appeals the support award. We reverse.

*Facts and Procedural History*

[¶2.]        Julia and George Havlik, who had been married for sixty-five years, operated a family farm. This case began when Julia filed a complaint against George alleging fraud, lack of consideration, mistake of fact, and waste in connection with a number of transactions involving the farm. The two separated, and Julia amended her complaint to also seek a separation and a division of their marital assets. She later sought spousal support.

[¶3.]        Numerous issues in the case were resolved incrementally over a period of time. The circuit court made an initial property award on February 2, 2009. That award was amended on September 28, 2011. Each party was to receive $504,487.04, and George was to pay Julia a $78,122.16 equalization payment. Each party also received half of the farmland, which their son was to rent from Julia for $48,000 a year.

[¶4.]        At an April 19, 2011 hearing, the circuit court determined that George should pay Julia $300 per month "to equalize" their social security benefits (George was receiving $1,325 and Julia was receiving $599 per month). There was a delay in filing a conforming order because George's counsel was contemplating an appeal

-1-

and did not want the time to appeal to start until all property division issues were resolved. The conforming order was signed on September 6, 2011. The order provided that George was to pay Julia "$300.00 per month during her lifetime . . . in consideration of the disparity of their social security income and shall be treated as spousal support."

[¶5.]     The September 6, 2011 order was not served on George's counsel, and George did not make the monthly payments. Julia died in October 2012. On November 13, 2012, George's counsel sent a letter to Julia's counsel indicating that they "have not yet received [the] Order with Notice of Entry of Judgment entering the [support] amount." On November 15, 2012, Julia's counsel replied, indicating "[they did] still need to resolve the issue of the amounts due under the support [order]" and that "[he would] try to come up with a number George owe[d] on support yet through Julia's passing." On January 15, 2013, the order was filed. On January 16, 2013, George's counsel received a copy of the order from Julia's counsel. However, Julia's counsel did not serve notice of entry of the order.

[¶6.]     On August 5, 2013, Julia's estate (hereafter referred to as Julia) moved to compel George, among other things, to pay the $300 monthly payments plus interest. On December 6, 2013, following a hearing, the circuit court issued a written opinion reaffirming its $300 monthly award. On March 11, 2014, findings of fact, conclusions of law, and a conforming "Order Concerning Support[ ]" were entered. On the same day, notice of entry of the March 11, 2014 order was served on George's counsel. On April 10, 2014, George filed a notice of appeal.

[¶7.] On appeal, George argues that the circuit court erred in awarding spousal support. Julia argues that George waived his right to appeal because he failed to file a notice of appeal within thirty days of January 16, 2013, the day he received a copy of the September 6, 2011 order awarding support. If the appeal is timely, Julia argues that the court did not err in ordering support.

*Decision*

[¶8.] Julia first contends that George waived the right to appeal because he failed to file a timely notice of appeal. "An appeal from a judgment or order must be taken within thirty days after the judgment or order shall be signed, attested, filed and written notice of entry thereof shall have been given to the adverse party." SDCL 15-26A-6. "Failure to serve a notice of appeal on a party before the time for taking an appeal has expired is fatal to the appeal and requires its dismissal." *In re Guardianship of Murphy*, 2013 S.D. 14, ¶ 5, 827 N.W.2d 369, 370 (internal quotation marks omitted) (quoting *Rabo Agrifinance, Inc. v. Rock Creek Farms*, 2012 S.D. 20, ¶ 7, 813 N.W.2d 122, 125).

[¶9.] The September 6, 2011 order was the first order that required the $300 monthly payment. Julia points out that her attorney mailed a certified copy of that order together with a certificate of service to George's counsel on January 16, 2013,[1] and George did not file a notice of appeal within thirty days from that date. Julia argues that because George failed to file a notice of appeal within thirty days from the day he received the order, George's time to appeal expired. However, Julia's

---

1. The record is conflicting on whether George's counsel received the order and certificate of service at that time. The conflict is not material because, as we explain, no notice of entry of any order was served until March 11, 2014.

argument overlooks the requirement of serving a notice of entry of order on the opposing party. As previously noted, SDCL 15-26A-6 provides that an appeal "must be taken within thirty days after the judgment or order shall be signed, attested, filed *and written notice of entry thereof shall have been given* to the adverse party." (Emphasis added.) Under the rule, the time for taking this appeal did not run until service of the written notice of entry of the order.

[¶10.]　　　We acknowledge Julia's argument that George acquired knowledge of the September 6, 2011 order when he received a copy on January 16, 2013. But "notwithstanding actual notice by mail to the adverse party of the trial court's final judgment, 'without a written notice of entry, the [thirty] days [to appeal] do not commence to run.'" *Matter of Sales & Use Tax Refund Request of Media One, Inc.*, 1997 S.D. 17, ¶ 7, 559 N.W.2d 875, 877 (quoting *Porter v. Porter*, 1996 S.D. 6, ¶ 22, 542 N.W.2d 448, 452). "A notice of entry of judgment gives to a party the power to set running the time after which his adversary may not appeal and assures each party that the statutory period of time within which he may appeal does not commence to run until his adversary has given such notice." *Kallstrom v. Marshall Beverages, Inc.*, 397 N.W.2d 647, 650 (S.D. 1986) (quoting *People In Interest of T.C., Etc.*, 278 N.W.2d 452, 454 (S.D. 1978)).

[¶11.]　　　Julia, however, also points out that George is appealing from the second order entered on March 11, 2014, which involved the motion to compel. Julia argues that George should have appealed the September 6, 2011 order that first required the payments. This argument could have validity in those rare cases involving more than one appealable order or judgment. But it is irrelevant here

because no notice of entry of any order was served until March 11, 2014. Because George filed and served his notice of appeal within thirty days of service of the only notice of entry of order that was ever served, the appeal was timely.

[¶12.] George argues that the court erred in awarding spousal support. Julia first responds that the award was not spousal support. She contends that it was part of the property division. We disagree.

[¶13.] The September 6, 2011 order states that the $300 monthly payment "shall be treated as spousal support." Further, the record does not support Julia's contention that the court's language in the order was merely "inartful." Both the court and counsel consistently treated the award as spousal support throughout the proceedings, and the court ordered that it was payable only during Julia's lifetime.

[¶14.] George argues that the circuit court erred in awarding spousal support because there was no evidence that Julia had the need or that George had the ability to pay support. Alimony (spousal support) is intended to assist in providing necessities. *Lovejoy v. Lovejoy*, 2010 S.D. 39, ¶ 7, 782 N.W.2d 669, 672 (citing *Zepeda v. Zepeda*, 2001 S.D. 101, ¶ 21, 632 N.W.2d 48, 55). "The purpose of alimony is not to equalize incomes but rather to support the needs and standard of living of the spouse." *Haanen v. Haanen*, 2009 S.D. 60, ¶ 18, 769 N.W.2d 836, 842. Therefore, the party seeking spousal support must establish the need for support and ability of the other spouse to pay. *Lovejoy*, 2010 S.D. 39, ¶ 7, 782 N.W.2d at 672 (citing *Zepeda*, 2001 S.D. 101, ¶ 21, 632 N.W.2d at 55).

[¶15.] George argues there was no evidence reflecting Julia's need for support and George's ability to pay. George also points out that the court entered no

findings of fact reflecting Julia's monthly expenses, either parties' earning capacity, the health of the parties, or comparative fault. Julia responds that the award was based on "evidence" presented at the hearing. She also argues that the court "considered" numerous spousal support factors in making its decision.

[¶16.]     Although there were two hearings on this issue, no evidence was presented at either hearing, and the court did not enter findings of fact and conclusions of law on the relevant support factors.[2] Everything Julia suggests the court considered was based on arguments of counsel, briefs, or assertions in the amended complaint. And the only relevant record evidence does not support the court's award. George points out that the property was divided equally, and Julia received over a half-million dollars in liquid assets. She also received 800 acres of farm land that provided her rental income of $48,000 per year. The court did consider that Julia incurred additional expenses having to move out of her house. But such generalized considerations are insufficient. The court must make findings of fact on all "actual" and "relevant economic circumstances," which include Julia's need for spousal support and George's ability to pay. *Lovejoy*, 2010 S.D. 39, ¶¶ 9-11, 782 N.W.2d at 672-73.

---

2.     A court granting support "must rest its decision upon several factors as they appear material to the facts and circumstances of each specific case." *Krage v. Krage*, 329 N.W.2d 878, 879 (S.D. 1983) (citations omitted). These factors generally include: "(1) the length of the marriage; (2) each party's earning capacity; (3) their financial conditions after the property division; (4) each party's age, health, and physical condition; (5) their station in life or social standing; and (6) the relative fault in the termination of the marriage." *Lovejoy*, 2010 S.D. 39, ¶ 7, 782 N.W.2d at 672 (citing *Zepeda*, 2001 S.D. 101, ¶ 21, 632 N.W.2d at 55).

[¶17.]     Because there is insufficient evidence in the record to support findings necessary for spousal support, and because the support was improperly awarded to equalize incomes, we reverse.  The circuit court abused its discretion in ordering George to pay monthly spousal support.

[¶18.]     GILBERTSON, Chief Justice, and KONENKAMP, SEVERSON, and WILBUR, Justices, concur.