.WILBUR, Justice
(concurring in part and dissenting in part).
[¶ 27.] I write to dissent on the issue of alimony. It is hot for this Court to sit as a fact finder and substitute its judgment for that , of the circuit court. Our standard of review does not examine whether we would have made the same decision. In fact, SDCL 25-4-41 gives the circuit court discretion to grant “suitable allowance to” a spouse “as the court may deem just, having regard to the circumstances of the parties Tepresented[.]” Yet, here, the majority opinión disregards the court’s discretion. It also disregards “[o]iir oft-quoted rule on trials before the cohrt”: “the trial court — not the review court” determines the weight to be accorded to witness testimony and the weight of the evidence at trial. Mellema v. Mellema, 407 N.W.2d 827, 831 (S.D.1987).
[¶28.] The majority opinion' claims Christina introduced no evidence that could support a need for permanent alimony. But, at trial, Christina entered into evidence an exhibit detailing'her projected monthly expenses' and testified that she neéded support for what she considered “a normal standard of living for something a life like we were living before or acceptable.” When the circuit court awarded Christina alimony, it knew Christina would remain in Sioux Falls. The court also knew Christina’s earning capacity. The court recognized that Christina’s financial condition after the property division would be “very good.” As the majority opinion recognizes, the circuit court stated the correct legal standard. Would we not assume that based on the evidence — Christina’s exhibit, her testimony, the court’s property division — the pourt determined .that Christina had a need- for support? ; ■
*831 [¶29.] For this Court to declare that Christina’s need for support is extinguished based upon her ability to relocate to Sioux Falls means that this Court would deny a spouse alimony simply because the spouse may “obtain employment and support herself.” See Hagedorn, 2012 S.D. 72, ¶ 14, 822 N.W.2d at 723 (quoting Wallahan v. Wallahan, 284 N.W.2d 21, 27 (S.D.1979)). But we do not review the record to find how the court was wrong. “[W]e do not determine whether we would have made an original like ruling[.]” Grode v. Grode, 1996 S.D. 15, ¶ 7, 543 N.W.2d 795, 800. In our review, we decide “whether a judicial mind, in view of the law and circumstances of the particular case, could reasonably have reached such a conclusion.” Id. Here, the law and circumstances support the circuit court’s decision. The circuit court specifically considered the factors relevant to an award of permanent alimony. It recognized Christina’s ability to earn a substantial living — she “is educated and intelligent.” But the court found relevant that Joseph’s earning capacity is “substantially greater than Christina’s,” and that Christina “has largely been removed from the job market for seven years.” Although Christina’s financial condition after the property division is “very good,” the court noted that Joseph’s financial condition “will be much better.” On this record, I cannot say “there is no basis in reason or evidence to support” the circuit court’s decision. See Johnson, 471 N.W.2d at 163.
[¶ 30.] ‘ I also disagree with the majority opinion’s comparison to Scherer, 2015 S.D. 32, ¶ 11, 864 N.W.2d at 495. In Scherer, the circuit court failed to consider the alimony and property awards together. In this case, the court properly considered the alimony and property awards together. Also, in Scherer, we did not sit as a fact finder and foreclose wife’s opportunity to receive alimony. We remanded for the circuit court to “consider the property division and alimony together to determine if Betty has demonstrated a need for alimony[.]” Id. ¶ 16. In this case, the majority opinion acts as a fact finder and forecloses any opportunity for Christina to réceive alimony.
[¶ 31.] This case is also unlike Havlik, 2014 S.D. 84, 857 N.W.2d 422. In Havlik, the spouse presented no evidence at the hearings to support her request for alimony. Id. ¶ 16. Here, Christina offered both evidence and testimony in support of her request for permanent alimony. Similarly, unlike the spouse in Billion, Christina established her need for support to allow her “to live comfortably within the lifestyle she claims.” See 1996 S.D. 101, ¶ 37, 553 N.W.2d at 234. Because “[w]e will not reverse a court’s decision regarding alimony absent an abuse of discretion,” I would affirm the circuit court’s alimony award. See Scherer, 2015 S.D. 32, ¶ 10, 864 N.W.2d at 494.
[¶ 32.] At the very least, we should remand this case and direct the court to enter more detailed findings of fact on the issue of alimony. We remanded in Scherer to allow the court to determine if the spouse in fact demonstrated her need for alimony. We similarly remanded in Nickles v. Nickles, for the circuit court to enter detailed findings to support its decision to award rehabilitative alimony. 2015 S.D. 40, ¶ 29, 865 N.W.2d 142, 153. Yet, again, we remanded in Lovejoy v. Lovejoy, for the circuit court to enter more specific findings on the husband’s ability to pay alimony. 2010 S.D. 39, ¶ 11, 782 N.W.2d 669, 673.
[¶ 33.] SEVERSON, Justice, joins this special writing.