PECAUT EQUIPMENT COMPANY,
Plaintiff and Respondent
v.
WACHENDORF AND NELSON,
Defendants, Appellant NELSON

(110 N.W.2d 844)
(File No. 9943. Opinion filed October 9, 1961)

**Blaine Simons,** Sioux Falls, for Appellant Ward Nelson.

**Willy, Pruitt & Matthews, Acie W. Matthews,** Sioux Falls, for Respondent.

BIEGELMEIER, J. Plaintiff's complaint alleged defendants while engaged in joint building ventures became indebted to plaintiff, to which complaint defendants served separate answers appearing by different counsel. Defendant Wachendorf made no appearance at the trial. The trial court found defendants operated as joint venturers, that they advised plaintiff thereof and of the method charges for purchases were to be made, that both defendants were liable for the account and entered a judgment against them for the amount due. Defendant Nelson served notice of appeal on the attorney for plaintiff; the notice was not served on the defendant Wachendorf or his attorney of record. SDC 1960 Supp. 33.0819. For this reason plaintiff moves to dismiss the appeal. At oral argument counsel for defendant Nelson, appellant here, stated the notice was not served on defendant Wachendorf's attorney because his attorney had told counsel that Wachendorf was financially unable to pay his many debts and would not take further part in the action. While counsel may have concluded, as a practical matter, nothing would be gained by serving the notice, the legal liability of the defendants to the plaintiff and their rights and obligations to each other were fixed by the judgment as entered; reversal or modification could adversely affect these rights. Morrell Livestock Company v. Stockman's Commission Company, 77 S.D. 114, 86 N.W.2d 533, requires the codefendant be served with the notice of appeal and that plaintiff's motion be granted.

The appeal is dismissed.

All the Judges concur.