#26498-dismissed-JKK

**2013 S.D. 14**

IN THE SUPREME COURT

OF THE

STATE OF SOUTH DAKOTA

* * * *

IN THE MATTER OF THE
GUARDIANSHIP AND CONSERVATORSHIP OF
SHIRLEY M. MURPHY, A PROTECTED PERSON

* * * *

APPEAL FROM THE CIRCUIT COURT
OF THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE THOMAS L. TRIMBLE
Judge

* * * *

JOHN M. FITZGERALD
KELLY PETERSON
of Fitzgerald Law Firm
Rapid City, South Dakota            Attorneys for appellant
                                        Shirley Ferguson.


PATRICK M. GINSBACH
of Farrell, Farrell & Ginsbach, PC
Hot Springs, South Dakota       Attorneys for appellee
                                        Claudia Murphy

* * * *

CONSIDERED ON MOTION
ON DECEMBER 26, 2012

OPINION FILED **02/06/13**

KONENKAMP, Justice

[¶1.]     Claudia Murphy moves to dismiss Shirley Ferguson's appeal in this guardianship and conservatorship case.  Because the appeal is untimely, we grant the motion.

## Facts and Procedural History

[¶2.]     Shirley Murphy (Mrs. Murphy) is a ninety-year-old resident of Rapid City.  According to the trial court's findings, Mrs. Murphy has four adult daughters: Delilah (Dee), Shirley, Claudia, and Mary.  In recent years, Mrs. Murphy has suffered physical and mental ailments related to her advancing age that have rendered her unable to care for herself or to manage her personal and business affairs.  Accordingly, in May 2012, Mrs. Murphy's daughter, Claudia, obtained an appointment as Mrs. Murphy's temporary guardian and conservator and petitioned to serve as permanent guardian and conservator.  Another of Mrs. Murphy's daughters, Shirley, petitioned to discharge Claudia as temporary guardian and conservator and for her own appointment as permanent guardian and conservator. A court trial was held in August 2012, and the circuit court subsequently entered findings of fact, conclusions of law, and an order appointing Claudia permanent guardian and conservator.

[¶3.]     Notice of entry of the order appointing Claudia was served by mail on September 5, 2012.  The notice was served on all four of Mrs. Murphy's daughters: Dee, Shirley, Claudia, and Mary.  Shirley served a notice of appeal of the order of appointment on Claudia by mail on October 2, 2012.  The notice of appeal and certificate of service were filed on October 3, 2012.

[¶4.] On October 10, 2012, Shirley served the notice of appeal by mail on all the parties to the action including: Mrs. Murphy, Dee, Shirley, Claudia, and Mary. On November 16, 2012, Claudia moved to dismiss Shirley's appeal as untimely.

**Analysis and Decision**

[¶5.] "'Failure to serve a notice of appeal on a party before the time for taking an appeal has expired is fatal to the appeal and requires its dismissal.'" *Rabo Agrifinance, Inc. v. Rock Creek Farms*, 2012 S.D. 20, ¶ 7, 813 N.W.2d 122, 125 (quoting *In re Reese Trust,* 2009 S.D. 111, ¶¶ 5, 14, 776 N.W.2d 832, 833, 836).[1] The thirty-day time period for taking an appeal in this matter commenced with service of the notice of entry of the order appointing Claudia guardian and conservator on September 5, 2012. *See* SDCL 15-26A-6. The thirty days expired on October 5, 2012. But SDCL 15-6-6(e) adds three days to the thirty-day period because notice of entry of the order of Claudia's appointment was served by mail.[2] With that addition, the time for taking an appeal expired on October 8, 2012. Because

---

1. Accord *In re Estate of Flaws,* 2012 S.D. 3, ¶ 10, 811 N.W.2d 749, 751; *In re Estate of Geier,* 2012 S.D. 2, ¶ 17, 809 N.W.2d 355, 360; *In re B.C.,* 2010 S.D. 59, ¶ 3, 786 N.W.2d 350, 351; *Long v. Knight Const. Co., Inc.,* 262 N.W.2d 207, 208-09 (S.D. 1978); *Morrell Livestock Co. v. Stockman's Comm'n. Co.,* 77 S.D. 114, 118-20, 86 N.W.2d 533, 535-36 (1957).

2. The general provisions on time in SDCL chapter 15-6 apply to SDCL chapter 15-26A by virtue of SDCL 15-24-1 making the rules of practice and procedure in the circuit courts applicable in this Court unless "otherwise indicated by statute or rule[.]" *See Ripple v. Wold*, 1997 S.D. 135, ¶ 10, 572 N.W.2d 439, 441-42 (applying circuit court procedural rules on substitution of parties to the substitution of appellate parties in the absence of a separate appellate rule on the topic).

October 8 was a legal holiday, however, the parties had until October 9, 2012, to take an appeal. [3] *See* SDCL 15-6-6(a).

[¶6.]        Based on these calculations, Shirley had until October 9, 2012, to serve all the parties with her notice of appeal.  SDCL 29A-5-308 defines the parties entitled to notice in a guardianship and conservatorship proceeding as, "the person alleged to need protection," and, "all . . . individuals age ten or older whose names and post office addresses appear in the petition."  In this case, this consisted of: Mrs. Murphy, Dee, Shirley, Claudia, and Mary.  Shirley was the appellant and, therefore, was not required to serve herself.  Shirley did timely serve Claudia on October 2.  Moreover, Claudia was acting as Mrs. Murphy's temporary guardian and conservator at the time and was presumably entitled to accept service for Mrs. Murphy.  But Dee and Mary were not served with the notice of appeal until October 10, 2012, one day late.  Thus, on the face of this record and based on the authorities cited above, Shirley failed to timely serve her notice of appeal on all the parties to the action and her appeal must be dismissed.

[¶7.]        Shirley offers several arguments against this result.  First, she seeks to expand the three days added to the time for serving her notice of appeal by SDCL 15-6-6(e). [4]  As noted, that rule adds three days to take an action when the triggering notice is served by mail.  Shirley argues that three days are less than eleven days and, therefore, intermediate weekends and holidays should be excluded

---

3.      Native American Day. *See* SDCL 1-5-1 (listing South Dakota's legal
        holidays).

4.      Under Shirley's calculations, the expansion of the three-day period would
        make her service of the notice of appeal on all parties on October 10, 2012,
        timely.

from the three day computation under SDCL 15-6-6(a): "When the period of time prescribed or allowed is less than eleven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." However, the period of time "prescribed or allowed" that is at issue here is the period for serving a notice of appeal. Under SDCL 15-26A-6, that period is thirty days plus three days because the triggering notice of entry was served by mail. SDCL 15-6-6(e). Since this thirty-three day period is *greater* than eleven days, the provision in SDCL 15-6-6(a) excluding intermediate weekends and holidays from the computation is inapplicable.

[¶8.] Second, Shirley argues that Mary was not a party in this case required to be served with the notice of appeal. Yet SDCL 29A-5-308 requires that notice in a guardianship and conservatorship case be served on, "all . . . individuals age ten or older whose names and post office addresses appear in the petition." Mary's name and post office address appeared in the petition and, therefore, she should have been served as a party with the notice of appeal. Shirley argues that Mary's name and address were improperly listed in the petition, but this does not appear to be a factor under the plain language of SDCL 29A-5-308. Even if it was, SDCL 29A-5-305(2)(a) provides that the petition should list the "children" of "the person alleged to need protection." The trial court here found as a fact that Mary was one of Mrs. Murphy's "four adult daughters," and at least three of its subsequent findings refer to Mary as Mrs. Murphy's "daughter." Although Shirley contends these findings are clearly erroneous, they are binding until held clearly erroneous by this Court. *See Finck v. Nw. Sch. Dist. No. 52-3*, 417 N.W.2d 875, 878 (S.D.

1988); *Matter of B.A.M.*, 290 N.W.2d 498, 502 (S.D. 1980). Because Mary's name appeared in the petition and the trial court found Mary's status to be Mrs. Murphy's daughter, Shirley was required to treat Mary as a party in this action entitled to service of the notice of appeal.

[¶9.]        Third, Shirley argues Dee received actual notice of the appeal on October 2, 2012, "by way of a phone call" and that by affidavit she waived her right to receive the notice of appeal by mail before October 9, 2012. This Court, however, has held that timely service of the notice of appeal is a jurisdictional prerequisite to an appeal. *See Rabo*, 2012 S.D. 20, ¶ 11, 813 N.W.2d at 127. Courts following this view do not generally permit a waiver of the filing or service requirements for the notice of appeal.[5] Our Court has long adopted this view. *See Opening of Gold Street v. Newton*, 3 N.W. 311 (Dakota 1879) (holding counsel for the respondent's waiver of the notice of appeal insufficient to prevent dismissal of the appeal because consent cannot confer jurisdiction). *See also Pennington Cnty. v. State ex rel. Unified Judicial Sys.*, 2002 S.D. 31, ¶ 17, 641 N.W.2d 127, 133 ("Jurisdiction cannot be

---

5.        *See Luker v. Carrell*, 25 So.3d 1148, 1150 (Ala. Civ. App. 2006) ("[A] lack of appellate jurisdiction resulting from a party's failure to timely file a notice of appeal 'cannot be waived'; indeed, 'this court can raise the issue ex mero motu.'" (quoting *Carter v. Hilliard*, 838 So.2d 1062, 1063 (Ala. Civ. App. 2002))), *rev'd on other grounds*, 25 So.3d 1152 (Ala. 2007); *Bacon v. Karlin*, 727 P.2d 1127, 1129 (Haw. 1986) ("[A]n appellant's failure to file a timely notice of appeal 'is a jurisdictional defect that can neither be waived by the parties nor disregarded by the court in the exercise of judicial discretion.'" (quoting *Naki v. Hawaiian Electric Co.*, 431 P.2d 943, 944 (Haw. 1967))); *State ex rel. Cooper v. NCCS Loans*, Inc., 624 S.E.2d 371, 379 (N.C. Ct. App. 2005) ("'Without proper notice of appeal, the appellate court acquires no jurisdiction and neither the court nor the parties may waive the jurisdictional requirements even for good cause shown . . . .'" (quoting *Sillery v. Sillery*, 606 S.E.2d 749, 751 (N.C. Ct. App. 2005))).

conferred by consent, agreement, stipulation or waiver." (citing *Weston v. Jones*, 1999 S.D. 160, ¶ 33, 603 N.W.2d 706, 713 (Sabers, J., dissenting))).

[¶10.] Finally, Shirley argues that because Claudia received timely service of the notice of appeal, she cannot assert the rights of the other parties to such notice and is not the proper party to a motion to dismiss. We take "notice of jurisdictional questions regardless of whether the parties present them." *In re B.H., Jr.*, 2011 S.D. 26, ¶ 4, 799 N.W.2d 408, 409. Appellate jurisdiction cannot be presumed, "'but must affirmatively appear from the record.'" *Id.* (quoting *Johnson v. Lebert Const., Inc.*, 2007 S.D. 74, ¶ 4, 736 N.W.2d 878, 879). *See also Double Diamond Const. v. Farmers Co-op Elevator Ass'n of Beresford*, 2003 S.D. 9, ¶ 6, 656 N.W.2d 744, 746. "'[T]his Court is required sua sponte to take note of jurisdictional deficiencies.'" *State v. Brassfield*, 2000 S.D. 110, ¶ 5, 615 N.W.2d 628, 629 (quoting *State v. Phipps*, 406 N.W.2d 146, 148 (S.D. 1987)). Thus, there is no standing requirement prohibiting Claudia from challenging jurisdiction over this appeal by a motion to dismiss.

[¶11.] For the foregoing reasons, Shirley's appeal is dismissed for failure to timely serve her notice of appeal on each party to the action.

[¶12.] Dismissed.

[¶13.] GILBERTSON, Chief Justice, and ZINTER, SEVERSON, and WILBUR, Justices, concur.