#27604-dismissed-SLZ
**2016 S.D. 17**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

LAKE HENDRICKS IMPROVEMENT
ASSOCIATION; CITY OF HENDRICKS,
MINNESOTA; and NORRIS PATRICK,                    Petitioners and Appellants,

      v.

BROOKINGS COUNTY PLANNING &
ZONING COMMISSION; BROOKINGS
COUNTY PLANNING & ZONING
COMMISSION SITTING AS THE
BROOKINGS COUNTY BOARD OF
ADJUSTMENT; MICHAEL CRINION;
KILLESKILLEN, LLC; and LC OLSON,
LLP,                                              Respondents and Appellees.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
BROOKINGS COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE VINCENT A. FOLEY
Judge

* * * *

MITCHELL A. PETERSON
REECE ALMOND of
Davenport, Evans, Hurwitz & Smith, LLP
Sioux Falls, South Dakota                         Attorneys for petitioners
                                                  and appellants.


BRIAN J. DONAHOE
Sioux Falls, South Dakota                         Attorney for respondents
                                                  and appellees Michael Crinion
                                                  and Killeskillen, LLC.

* * * *

CONSIDERED ON MOTION
ON JANUARY 7, 2016
OPINION FILED **03/02/16**

#27604

ZINTER, Justice

[¶1.] Petitioners/appellants Lake Hendricks Improvement Association, City of Hendricks, Minnesota, and Norris Patrick (collectively referred to as "City") move to dismiss a notice of review/cross-appeal[1] filed by Michael Crinion and Killeskillen, LLC (collectively referred to as "Developers") because Developers failed to serve their notice of review on appellee LC Olson, LLP ("Owner"). We dismiss Developers' notice of review/cross-appeal. However, we reserve ruling on the question whether Developers may argue standing as a jurisdictional issue regardless of the status of their notice of review.

### Facts and Procedural History

[¶2.] Developers desire to build a dairy on Owner's property in Brookings County. Developers have an agreement to purchase Owner's property contingent on approval of the dairy by government authorities. Developers obtained a conditional use permit for the dairy from Brookings County. City then filed a petition for a writ of certiorari in circuit court challenging the permit. The circuit court affirmed the granting of the permit. City then appealed to this Court, serving the various parties, including Owner, with its notice of appeal. Developers subsequently filed a notice of review to challenge City's standing. Developers concede, however, that they did not serve their notice of review on Owner. City therefore filed a motion to dismiss Developers' notice of review/cross-appeal. City relies on the rule that

---

1. A "cross-appeal" is "[a]n appeal by the appellee, usu. heard at the same time as the appellant's appeal." *Black's Law Dictionary* (9th ed. 2009). In South Dakota, a cross-appeal is taken by the filing of a notice of review. *See* SDCL 15-26A-22.

"[f]ailure to serve a notice of appeal on a party before the time for taking an appeal has expired is fatal to the appeal and requires its dismissal." *In re Reese Tr.*, 2009 S.D. 111, ¶ 14, 776 N.W.2d 832, 836 (applying SDCL 15-26A-4(3)). Developers raise several arguments in resistance to City's motion to dismiss. We address Developers' arguments in the order in which they were presented.

### 1. Whether Owner was a party who was required to be served with the notice of review.

[¶3.] Developers argue that Owner was not a party required to be served with the notice of review because Owner did not appear in the circuit court and did not take any action to protect its interests at that level. As to the question of "parties," City's original petition for a writ of certiorari specifically alleged that "[Owner] . . . is the entity that owns the property which is the subject to the CUP [*i.e.*, conditional use permit] application . . . [Owner] is named as a Respondent in this Petition, because it has an interest in the outcome of this action." Additionally, Owner was personally served with the petition by serving a partner; Owner was named as a party in the captions of the later pleadings; and although there was a stipulation for the dismissal of some of the original parties, Owner was never dismissed. Owner was clearly a party in this litigation.

[¶4.] With regard to Owner's failure to appear in circuit court, it is notable that Owner was not served with all of the later pleadings. Additionally, as an appellate tribunal, we are unaware of the reason why Owner failed to appear in the circuit court. In any event, as is explained below, the failure to appear in the trial proceedings does not eliminate the necessity of serving a party with a notice of review, which is analogous to a notice of appeal.

[¶5.]	This Court has addressed the question whether a party's failure to appear in circuit court eliminates the necessity of serving that party with a notice of appeal. In *Morrell Livestock Co. v. Stockman's Commission Co.*, we noted that there was a conflict among courts on the question because of varying statutory provisions. 77 S.D. 111, 118, 86 N.W.2d 533, 535 (1957). We concluded that our statute required service on all adverse parties, including those who had not appeared.

> Many of the statutes expressly provide that notice of appeal must be served only on such adverse parties as have appeared in the action or suit. Others, such as our SDC 33.0703, make no such exception as to parties who have not appeared. Generally it has been held under statutes similar to ours that the appearance or default of a party is immaterial. *In re Shumaker's Estate*, 234 Iowa 195, 12 N.W.2d 207; *Martin v. Rowland*, 47 Idaho 722, 728 P. 224; *Lind v. Lambert*, 40 Idaho 569, 236 P. 121.
>
> It appears to us in the present case that the appearance or default of [a party] is not material. It is true that if he did default, he cannot be heard to complain about the judgment. He has a right, however, to rely upon this judgment. A right of contribution arises therefrom which should not be taken from him without notice.
>
> It is our opinion, therefore, that SDC 33.0703 requires the service of notice of appeal upon all adverse parties as heretofore defined and not only upon such adverse parties as have appeared in the action or suit.

*Morrell*, 77 S.D. at 118, 86 N.W.2d at 535-36. This Court has continued to apply *Morrell* through the present time.[2] Although our early cases also considered an

---

2.	*See State Highway Comm'n v. Fortune*, 77 S.D. 302, 306, 91 N.W.2d 675, 678-79 (1958); *Pecaut Equip. Co. v. Wachendorf*, 79 S.D. 255, 256, 110 N.W.2d 844 (1961); *City of Sioux Falls v. Naused*, 88 S.D. 14, 16, 214 N.W.2d 74, 75 (1974); *Reese Tr.*, 2009 S.D. 111, ¶ 14, 776 N.W.2d at 836; *In re B.C.*, 2010 S.D. 59, ¶ 4, 786 N.W.2d 350, 351; *In re Estate of Flaws*, 2012 S.D. 3, ¶ 10, 811 N.W.2d 749, 751; *Rabo Agrifinance, Inc. v. Rock Creek Farms*, 2012 S.D. 20, ¶ 7, 813 N.W.2d 122, 125; *In re Guardianship of Murphy*, 2013 S.D. 14,

(continued . . .)

adversity requirement,[3] the current rule is no longer limited to service on "adverse parties." *See* SDCL 15-26A-4(3).[4] It requires service of the notice of appeal on "each party other than appellant." *See id.* Thus, our current cases have simply examined whether the unserved person or entity was a "party" in the case.[5] Consequently,

---

(. . . continued)

¶ 5 & n.1, 827 N.W.2d 369, 370 & n.1. *See also In re Estate of Geier*, 2012 S.D. 2, ¶ 17, 809 N.W.2d 355, 360 (applying the rule of *Morrell* as interpreted in *Reese Tr.*).

3. Earlier cases considered "adverse party" status, which required our assessment of the unserved party's interest in the case. *See, e.g.*, *State Highway Comm'n*, 77 S.D. at 309, 91 N.W.2d at 680 (holding that defaulting defendants/holders of oil leases were not adverse parties in a state condemnation action and therefore were not required to be served with the appellant/Highway Commission's notice of appeal); *Pecaut*, 79 S.D. at 256, 110 N.W.2d at 844 (holding that the appellant's co-defendant in an action on a debt was an adverse party required to be served with the notice of appeal); *City of Sioux Falls*, 88 S.D. at 17, 214 N.W.2d at 76 (holding the condemnor/City of Sioux Falls to be an adverse party required to be served with a lessee's notice of appeal in a condemnation action). We no longer consider adverse party status because the adversity requirement was removed by rule in 1979. *See* 1979 S.D. Sess. Laws 623, ch. 361, Rule 3(2).

4. The full text of SDCL 15-26A-4(3) provides: "The appellant, or his or her counsel, shall serve the notice of appeal and docketing statement on counsel of record of each party other than appellant, or, if a party is not represented by counsel, on the party at his or her last known address."

5. This is usually resolved by reference to the "captions on the pleadings and other formal legal documents filed in the proceeding[,]" although it may be necessary to look beyond those documents when they do not clearly identify the parties. *See, e.g.*, *Reese Tr.*, 2009 S.D. 111, ¶ 6, 776 N.W.2d at 833-34 (holding that a beneficiary was a party in a cy pres proceeding involving a trust and, therefore, entitled to notice of appeal of the circuit court's order assuming trust supervision); *Estate of Geier*, 2012 S.D. 2, ¶ 23, 809 N.W.2d 355, 361 (holding that the heirs in a probate proceeding were parties in the case entitled to notice of appeal of an order denying a petition for supervised administration of the estate).

#27604

unless there is service of the notice of appeal on each party, this Court acquires no jurisdiction and dismissal of the appeal is required.[6]

[¶6.]     The fact that this case involves the service of a notice of review, rather than a notice of appeal, does not dictate a different result. Like the rule governing service of the notice of appeal, the rule governing service of the notice of review requires service on "all other parties." SDCL 15-26A-22. And like the notice of appeal, courts generally view a notice of review/notice of cross-appeal as a jurisdictional requirement.[7] Therefore, unless service of the notice of review is

---

6.     *See Reese Tr.*, 2009 S.D. 111, ¶ 14, 776 N.W.2d at 836; *In re B.C.*, 2010 S.D. 59, ¶ 11, 786 N.W.2d at 353; *Estate of Geier*, 2012 S.D. 2, ¶ 17, 809 N.W.2d at 360; *Estate of Flaws*, 2012 S.D. 3, ¶ 10, 811 N.W.2d at 751; *Rabo Agrifinance,* 2012 S.D. 20, ¶ 7, 813 N.W.2d at 125; *Guardianship of Murphy*, 2013 S.D. 14, ¶ 5, 827 N.W.2d at 370.

7.     *See Edwards v. Neuse*, 849 S.W.2d 479, 480 (Ark. 1993) (dismissing a cross-appeal where the appellees "failed to file the requisite notice of cross-appeal[.]"); *Ga. Mut. Ins. Co. v. S. Gen. Ins. Co.*, 351 S.E.2d 658, 660 (Ga. Ct. App. 1986) (denying a motion for rehearing on an issue raised in appellee's brief because appellee failed to file a notice of cross-appeal, which prohibited consideration of the trial court's ruling adverse to appellee); *Hamilton v. Alpha Servs., LLC*, 351 P.3d 611, 621 (Idaho 2015) (holding a timely notice of cross-appeal to be "a jurisdictional prerequisite to challenge a determination" of the lower court and that "[f]ailure to timely file such a notice" requires "automatic dismissal of the issue on appeal." (quoting *Miller v. Bd. of Trs.*, 970 P.2d 512, 516 (Idaho 1998)); *Canel and Hale, Ltd. v. Tobin*, 710 N.E.2d 861, 874 (Ill. App. Ct. 1999) (granting a motion to dismiss a cross-appeal for lack of jurisdiction where defendants failed to timely file the cross-appeal and the record contained no notice of the cross-appeal); *In re Estate of Barg*, 752 N.W.2d 52, 74 (Minn. 2008) (holding that "[a] respondent who does not file a notice of review to challenge an adverse ruling of the district court waives that issue in the court of appeals."); *Ebner v. Johnson*, No. Co-95-1640, 1996 WL 81497, at *1 (Minn. Ct. App. Feb. 27, 1996) (unpublished) (holding the timely filing of a notice of review to be jurisdictional and that the court would "not review issues raised by" respondents who had not filed such notice); *In re Marriage of Helzer*, 102 P.3d 1263, 1266 (Mont. 2004) (holding that "to preserve an issue not raised by the appellant, a respondent must file a notice

(continued . . .)

-5-

made on all other parties, this Court acquires no jurisdiction and dismissal of the cross-appeal is required.

### 2. Whether SDCL 15-6-5(a) excused service of the notice of review on Owner.

[¶7.]        Developers cite SDCL 15-6-5(a) as authority for not serving Owner with the notice of review. SDCL 15-6-5(a) provides in pertinent part: "No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in § 15-6-4." However, "chapter [15-6] governs the procedure in the *circuit courts* of the State of South Dakota in all suits of a civil nature[.]" SDCL 15-6-1 (emphasis added). And "chapter [15-26A] shall govern procedure in civil appeals to the *Supreme Court* of South Dakota." SDCL 15-26A-1 (emphasis added). Consequently, the rules in SDCL chapter 15-6 are applicable in this Court only to the extent that "a specific statute or rule [does

---

(. . . continued)
        of cross-appeal" and that failure to file such notice prohibits consideration of cross-appeal issues); *Olguin v. Cty. of Bernalillo*, 780 P.2d 1160, 1162 (N.M. Ct. App. 1989) (listing federal authorities adhering to "the general rule that untimely filings of notices of cross-appeal will result in a loss of jurisdiction to entertain the cross-appeal."); *Yates v. Kanani*, No. 23492, 2010 WL 2333506, at *4 (Ohio Ct. App. June 11, 2010) (unpublished) (holding that "for [the appellate] Court to have jurisdiction over [the appellee's] claim of error, [the appellee] was required to file a notice of cross appeal."); *Charette v. Fitzgerald*, 213 S.W.3d 505, 509 (Tex. App. 2006) (holding that failure to timely file a notice of cross-appeal deprived the Court of Appeals of "jurisdiction to entertain [appellees'] issues" and required the granting of appellants' "motion to dismiss the cross-appeal."). *See also Dudley v. Huizenga*, 2003 S.D. 84, ¶ 19, 667 N.W.2d 644, 650 (holding that "the circuit court did not have jurisdiction to consider the employer's notice of review issue because the order the employer challenged was a final order and the time for appeal had expired.").

not direct] otherwise." *Ripple v. Wold*, 1997 S.D. 135, ¶ 10, 572 N.W.2d 439, 441-42 (citing SDCL 15-24-1[8]), *modified on reh'g*, 1998 S.D. 69, 580 N.W.2d 625. But here, SDCL 15-26A-22 specifically directs that a notice of review shall be served on "all other parties." Therefore, SDCL 15-6-5(a) does not excuse Developers' failure to serve Owner with the notice of review.

### 3. Whether Developers' alignment of interests with Owner excused service of the notice of review on Owner.

[¶8.] Claiming Owner's interests are aligned with their own, Developers cite *Estate of Flaws* as authority for not serving Owner with the notice of review. 2012 S.D. 3, 811 N.W.2d 749. In that case, an appellee moved to dismiss an appeal for the appellant's failure to serve a nonappealing party with the notice of appeal. *Id.* ¶ 9, 811 N.W.2d at 751. The unserved party, however, was represented by the same attorney as the appellant. *Id.* ¶ 12, 811 N.W.2d at 751-52. In denying the motion to dismiss, we accepted the appellant's argument that requiring her attorney to serve the notice of appeal on his other client would have been nonsensical because it would have required the attorney to serve himself. *See id.* ¶¶ 12-13, 811 N.W.2d at 752. We therefore adopted the rule that "representation by the same attorney of an appealing and nonappealing party has the effect of service of the notice of appeal on the nonappealing party." *Id.* (quoting *Walker v. Shell*, 282 P. 947, 948 (Idaho 1929)).

---

8.  SDCL 15-24-1 provides: "Except as otherwise indicated by statute or rule, the statutes and rules of practice and procedure in the circuit courts of this state shall apply to practice and procedure in the Supreme Court."

[¶9.] Here, however, there is no joint representation of appealing and nonappealing parties. Developers acknowledge that Owner is "not represented by counsel." Thus, the reason for holding the service requirement inapplicable in *Estate of Flaws* is not present. In addition, Developers' argument—that it is not necessary to serve a notice of appeal or notice of review on parties whose interests are aligned—is merely a different way of arguing that the notice of appeal or notice of review need only be served on "adverse parties." However, as previously discussed, the adverse party service rule was replaced by the rule requiring service of notice on "each party" or on "all other parties." *See* 1979 S.D. Sess. Laws 623-25, ch. 361, Rule 3(2) & Rule 6. Therefore, Owner and Developers' purported alignment of interests did not excuse Developers' failure to serve Owner.

> **4.    Whether Developers may argue standing as a jurisdictional issue regardless of the status of their notice of review.**

[¶10.] Developers argue that their notice of review challenges City's standing, that standing is a jurisdictional issue, and therefore, this Court has jurisdiction to consider City's standing regardless of the failure to serve the notice of review. We reserve ruling on this issue.

### *Conclusion*

[¶11.] We hold that Owner was a party who was required to be served with Developers' notice of review and Developers' failure to serve Owner requires dismissal of their notice of review/cross-appeal. We further hold that SDCL 15-6-5(a) does not excuse Developers' failure to serve Owner because SDCL 15-26A-22 specifically requires Developers to serve their notice of review on "all other parties."

In addition, Developers' alleged alignment of interests with Owner does not excuse their failure to serve Owner because Developers and Owner are not represented by the same attorney. Finally, we reserve ruling on the issue whether Developers may argue standing as a jurisdictional issue regardless of the status of their notice of review pending further briefing in Appeal No. 27598, *Lake Hendricks Improvement Ass'n v. Brookings County Planning & Zoning Commission*.[9]

[¶12.] GILBERTSON, Chief Justice, and SEVERSON, WILBUR, and KERN, Justices, concur.

---

9. Parties who have filed briefs in Appeal No. 27598 during the pendency of the motion to dismiss the notice of review may request permission to file supplemental briefs on this issue in that case if they are deemed necessary.