#28685-a-MES & GAS
**2020 S.D. 10**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

HAIDER SALAH ABDULRAZZAK,                    Petitioner and Appellant,

   v.

SOUTH DAKOTA BOARD OF
PARDONS AND PAROLES,                         Respondent and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE LAWRENCE LONG
Retired Judge

* * * *

HAIDER SALAH ABDULRAZZAK
Springfield, South Dakota                    Pro se petitioner and appellant.

MARTY J. JACKLEY
Attorney General

CATHERINE SCHLIMGEN
Special Assistant Attorney General
Sioux Falls, South Dakota                    Attorneys for respondent and
                                             appellee.

* * * *

                                             CONSIDERED ON BRIEFS
                                             MARCH 25, 2019
                                             OPINION FILED **03/04/20**

**[¶1.]**        **Justice Salter delivers the opinion of the Court on Issues 1(a) and 1(b).  Retired Justice Severson delivers the opinion of the Court on Issues 1(c) and 2.**

**[¶2.]**        **SALTER, Justice, writing for the Court on Issues 1(a) and 1(b).**

[¶3.]        Haider Abdulrazzak appeals a circuit court order dismissing as untimely his appeal of a Board of Pardons and Paroles (the Board) order revoking his parole.  Abdulrazzak disputes the court's conclusion that timely filing of the notice of appeal is a jurisdictional requirement and claims he perfected his appeal by depositing his notice of appeal in the prison mail system within the thirty-day deadline.  He alternatively claims that his appeal is timely because he filed his notice of appeal within the time allowed under the rules of civil procedure governing the computation of time.  Finally, Abdulrazzak argues the circuit court abused its discretion when it denied his request for a standby attorney to help him present his arguments during the hearing on the Board's motion to dismiss his appeal.

### Facts and Procedural History

[¶4.]        In 2011, a jury convicted Abdulrazzak of multiple counts of possessing, manufacturing, or distributing child pornography.  He was sentenced to a total of twenty-one years in prison with thirteen years suspended.  Abdulrazzak appealed his convictions to this Court which affirmed by summary disposition in 2013.  *See State v. Abdulrazzak*, 828 N.W.2d 547 (S.D. 2013) (unpublished table decision).

[¶5.]        Abdulrazzak was later released from prison pursuant to a parole agreement.  However, he appeared before the Board for a parole revocation hearing in early 2017 to address allegations that he had violated his supervision conditions.

The Board voted to revoke Abdulrazzak's parole and issued findings of fact, conclusions of law, and an amended order on April 13, 2017. The Board served a notice of entry of the amended order on Abdulrazzak by mail at the South Dakota State Penitentiary in Springfield on April 21. Thirty-four days later, on May 25, the Minnehaha County Clerk of Court received and filed Abdulrazzak's pro se notice of appeal. The circuit court appointed counsel based upon Abdulrazzak's contemporaneous application for court-appointed counsel.

[¶6.]     The Board later filed a motion to dismiss Abdulrazzak's appeal for lack of jurisdiction, claiming it was untimely. In his opposition, Abdulrazzak urged the application of what is commonly known as the prison mailbox rule to support his argument that his appeal was timely. In the jurisdictions where it exists, the prison mailbox rule generally deems an inmate's legal documents and pleadings filed as of the date they are submitted to prison authorities who mail them to the appropriate offices for filing. *See Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988). After filing the brief opposing the Board's motion to dismiss, Abdulrazzak's counsel moved to withdraw, citing his client's request.

[¶7.]     The circuit court conducted a hearing on June 4, 2018, and it appears that during the hearing, the court granted defense counsel's motion to withdraw, leaving Abdulrazzak without court-appointed counsel. Abdulrazzak asserts that he requested a "standby attorney" to help him present his arguments during the hearing and that the circuit court denied his request. The record does not contain a transcript of the hearing.

[¶8.]     Notwithstanding the lack of a transcript, it appears the circuit court also granted the Board's motion to dismiss during the hearing because Abdulrazzak filed a pro se post-hearing motion for reconsideration. He contended that his counsel should have also argued in Abdulrazzak's prehearing brief that the addition of SDCL 15-6-6(e)'s three-day service-by-mail period made his notice of appeal timely.[1] On June 28, 2018, the circuit court filed its order dismissing Abdulrazzak's appeal for lack of jurisdiction. On appeal to this Court, Abdulrazzak presents the following issues:

1. Whether the circuit court erred when it dismissed as untimely Abdulrazzak's appeal of the Board's decision revoking his parole.

2. Whether the circuit court abused its discretion by denying Abdulrazzak's request for a standby attorney at the hearing on the motion to dismiss his appeal.

**Analysis and Decision**

[¶9.]     We review a circuit court's dismissal for lack of appellate jurisdiction "as a 'question of law under the de novo standard of review.'" *Upell v. Dewey Cty. Comm'n*, 2016 S.D. 42, ¶ 9, 880 N.W.2d 69, 72 (quoting *AEG Processing Ctr. No. 58, Inc. v. S.D. Dep't of Revenue and Reg.*, 2013 S.D. 75, ¶ 7 n.2, 838 N.W.2d 843, 847 n.2). *See also Watertown Co-op Elevator Ass'n v. S.D. Dep't of Revenue*, 2001 S.D.

---

1.     SDCL 15-6-6(e) provides:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him, or whenever such service is required to be made a prescribed period before a specified event, and the notice or paper is served by mail, three days shall be added to the prescribed period.

56, ¶ 7, 627 N.W.2d 167, 170 (holding that a decision to dismiss an administrative appeal to circuit court is reviewed de novo). "Further, when statutory interpretation is relevant to the inquiry, 'statutory interpretation is also a question of law, reviewed de novo.'" *Upell*, 2016 S.D. 42, ¶ 9, 880 N.W.2d at 72 (quoting *AEG*, 2013 S.D. 75, ¶ 7 n.2, 838 N.W.2d at 847 n.2). In addition, we review "legal questions arising under the rules of civil procedure de novo, utilizing our established rules for statutory construction." *Leighton v. Bennett*, 2019 S.D. 19, ¶ 7, 926 N.W.2d 465, 467-68 (citing *Moore v. Michelin Tire Co., Inc.*, 1999 S.D. 152, ¶ 16, 603 N.W.2d 513, 519-20).

1. **Whether the circuit court erred when it dismissed as untimely Abdulrazzak's appeal of the Board's decision revoking his parole.**

   (a) *The Circuit Court's Appellate Jurisdiction under Chapter 1-26*

[¶10.] The Board operates under the direction and supervision of the Department of Corrections. SDCL 24-13-3. It is generally governed by the Administrative Procedure Act which lists the following requirements for administrative appeals:

> An appeal shall be taken by serving a copy of a notice of appeal upon the adverse party, upon the agency, and upon the hearing examiner, if any, who rendered the decision, and by *filing the original with proof of such service in the office of the clerk of courts* of the county in which the venue of the appeal is set, *within thirty days after the agency served notice of the final decision* or, if a rehearing is authorized by law and is requested, within thirty days after notice has been served of the decision thereon.

SDCL 1-26-31 (emphasis added).

[¶11.] We have held that this statute "clearly delineates who must be served with a notice of appeal and when and where it must be filed in order to transfer

jurisdiction from the executive to the judicial branch." *Slama v. Landmann Jungman Hosp.*, 2002 S.D. 151, ¶ 4, 654 N.W.2d 826, 827 (quoting *Schreifels v. Kottke Trucking*, 2001 S.D. 90, ¶ 12, 631 N.W.2d 186, 189). We have further determined that satisfying the requirements of SDCL 1-26-31 is essential to a circuit court's appellate jurisdiction. *Schreifels*, 2001 S.D. 90, ¶ 7, 631 N.W.2d at 188.

[¶12.] Here, the Board served notice of entry of its order revoking Abdulrazzak's parole on April 21, 2017. He filed his notice of appeal of the order on May 25, thirty-four days later, making the appeal appear to be untimely on its face. Abdulrazzak initially seeks to avoid the impact of this apparent untimeliness by arguing that the period for appealing the Board's decision is not a jurisdictional requirement. However, as indicated, this argument is definitively foreclosed by our precedent. *Id.* Abdulrazzak's next argument, urging us to adopt the prison mailbox rule, is equally unavailing.[2]

---

2. Abdulrazzak asserts that the notice of appeal was deposited with prison officials on May 10, 2017, which is also the date that appears on the notice. However, there is no separate evidentiary record establishing the date as May 10. Nor is there a finding by the circuit court as to when Abdulrazzak gave the notice of appeal to prison officials to forward to the Minnehaha County Clerk of Court. Given our disposition of this issue, however, it is not necessary to determine the exact date on which the notice of appeal was deposited with prison officials.

### *(b)*     *The Prison Mailbox Rule*

[¶13.]     Originally instituted in *Houston,* the prison mailbox rule results principally from the United States Supreme Court's interpretation of 28 U.S.C. § 2107, which requires only timely "fil[ing]" for a notice of appeal in federal civil cases. 487 U.S. at 272, 108 S. Ct. at 2383. Believing this to be an imprecise textual requirement and citing the practical limitations pro se prisoner litigants face by virtue of their incarceration, the Supreme Court held that a prisoner timely filed a notice of appeal in a federal habeas corpus action when he delivered the notice to prison authorities who would forward it to the appropriate clerk of court. *Id.* at 276, 108 S. Ct. at 2385. *See also* Fed. R. App. P. 4(c) (incorporating the *Houston* decision and mailbox rule into the Federal Rules of Appellate Procedure).

[¶14.]     The *Houston* decision, however, does not purport to state a constitutional rule, and some states have adopted their own versions of the prison mailbox rule, while others have declined to do so. *See generally* Barbara J. Van Arsdale, Annotation, *Application of "Prisoner Mailbox Rule" by State Courts Under State Statutory and Common Law*, 29 A.L.R. 6th 237, 274-82, 314-22 (2007). Appellate courts in Minnesota and Nebraska, for instance, have opted not to apply a prison mailbox rule in light of state law requirements that a notice of appeal actually be filed with the clerk of court.[3] *See, e.g., Toua Hong Chang v. State*, 778

---

3.     North Dakota considers the deadline for appeal in criminal cases to be non-jurisdictional and subject to its appellate rules allowing for an extension of thirty days upon a showing of good cause. In *State v. Fischer*, a divided North Dakota Supreme Court held that a pro se prisoner's initial effort to file a notice of appeal by providing it to prison officials to forward to a clerk of court, though itself ineffective, was evidence of good cause to support his later

(continued . . .)

N.W.2d 388, 392 (Minn. Ct. App. 2010); *State v. Parmar*, 586 N.W.2d 279, 283-84 (Neb. 1998).

[¶15.]      In *Chang*, the Minnesota Court of Appeals refused to recognize the prison mailbox rule and held that a prisoner's post-conviction petition was untimely because it was not filed with the trial court within the statutory deadline.  778 N.W.2d at 392.  The court noted that the applicable statutes required the petitioner to commence a post-conviction action "by *filing* a petition in the [trial] court" within the specified period.  *Id.* at 390 (quoting Minn. Stat. § 590.01, subd. 1 (2006)).  Consistent with prior decisions, the court interpreted "filing" as actual receipt of a document by the trial court before expiration of the time period.  *Id.* at 391-92 (citing *State v. Parker*, 153 N.W.2d 264 (Minn. 1967); *Langer v. Comm'r of Revenue*, 773 N.W.2d 77 (Minn. 2009)).

[¶16.]      In a similar analysis, the Nebraska Supreme Court also refused to recognize the prison mailbox rule and held that an untimely "poverty affidavit" deprived the court of appellate jurisdiction.  *Parmar*, 586 N.W.2d at 284.  In lieu of a filing fee, Nebraska law requires indigent post-conviction petitioners to file a poverty affidavit "in the office of the clerk" in order to perfect an appeal from an adverse decision.  *Id.* at 283 (citing Neb. Rev. Stat. § 25-1912).  In light of its precedent interpreting "filing" as receipt in the office of the clerk, the court held it could not "construe 'in the office of' to mean 'in the hands of prison authorities for forwarding to the office of.'"  *Id.* (citing *State v. Schmailzl*, 534 N.W.2d 743 (Neb.

---

(. . . continued)
        request to extend the deadline and allow a second, out-of-time notice of
        appeal to be deemed timely.  727 N.W.2d 750, 754-55 (N.D. 2007).

1995); *Molczyk v. Molczyk*, 47 N.W.2d 405 (Neb. 1951)). A different construction, the court reasoned, would constitute "judicial legislation." *Id.* (quoting *Barney v. Platte Valley Pub. Power and Irrig. Dist.*, 13 N.W.2d 120, 124-25 (Neb. 1944) (Carter, J., concurring)).

[¶17.] Here, an uncomplicated interpretation of SDCL 1-26-31 leads us to the same result reached by the Minnesota Court of Appeals and the Nebraska Supreme Court. The statute's plain and unambiguous text precludes a prison mailbox rule and requires a notice of appeal to be filed "in the office of the clerk of courts" within thirty days. SDCL 1-26-31. Construing this text to mean "place in the hands of prison authorities who, in turn, will forward the material to the clerk's office" would unquestionably add key textual provisions to the statute that simply do not exist, thereby altering its meaning from the version enacted by the Legislature. We have consistently recognized that our constitutional role prohibits judicial ambition to amend or modify plain and unambiguous text in favor of a different rule. *See, e.g.*, *Olson v. Butte Cty. Comm'n*, 2019 S.D. 13, ¶ 5, 925 N.W.2d 463, 464 (noting that "words and phrases in [a] statute have [their] plain meaning and effect" (quoting *Goetz v. State*, 2001 S.D. 138, ¶ 15, 636 N.W.2d 675, 681)); *Hannon v. Weber*, 2001 S.D. 146, ¶ 5, 638 N.W.2d 48, 49 ("This Court may not add language to a statute by 'judicial legislation.'"); *State v. Galati*, 365 N.W.2d 575, 578 (S.D. 1985) ("[C]ourts must apply the law as the legislature enacted it.").

[¶18.] Abdulrazzak cannot, therefore, rely upon a state law version of a prison mailbox rule to render his notice of appeal timely even if it was deposited with prison officials on May 10, 2017. This does not end the inquiry, though. We

#28685

must further examine Abdulrazzak's alternative argument that the rules of civil procedure operate to make the actual filing of his notice of appeal on May 25 timely.

[¶19.] GILBERTSON, Chief Justice, and KERN and JENSEN, Justices, and SEVERSON, Retired Justice, concur on Issues 1(a) and 1(b).

**[¶20.] SEVERSON, Retired Justice, writing for the Court on Issues 1(c) and 2.**

### *(c) Timeliness under the Rules of Civil Procedure*

[¶21.] Under SDCL 1-26-31, Abdulrazzak had thirty days from April 21, 2017, to serve notice of his appeal of the Board's decision. However, because notice of the Board's decision was served on Abdulrazzak by mail, SDCL 15-6-6(e) added three days "to the prescribed period." Thus, Abdulrazzak had thirty-three days to serve notice of appeal, subject to the computation dictates of SDCL 15-6-6(a). Applying SDCL 15-6-6(a), Abdulrazzak's final day to serve notice of appeal was May 24, 2017.

[¶22.] Abdulrazzak, however, argues that he had until May 25, 2017 to serve notice of his appeal because May 21, 2017 (the thirtieth day) is excluded from the computation under SDCL 15-6-6(a). He highlights that SDCL 15-6-6(a) excludes the last day if that last day is a Saturday, Sunday, or legal holiday, and May 21 was a Sunday. But Abdulrazzak's last day for purposes of the computation under SDCL 15-6-6(a) was May 24 (the thirty-third day), not May 21. Because May 24 was not a Saturday, Sunday, or legal holiday, it was not excluded under SDCL 15-6-6(a).

[¶23.] Essentially, Abdulrazzak asks us to treat the thirty-day period under SDCL 1-26-31 and the three-day grace period under SDCL 15-6-6(e) as independent

periods.[4] We examined and rejected a similar argument in *In re Guardianship of Murphy*, 2013 S.D. 14, ¶ 7, 827 N.W.2d 369, 371. Like here, *Murphy* involved an underlying statute providing a thirty-day period for taking an appeal and service of a notice of entry of the order by mail, thereby implicating SDCL 15-6-6(e). 2013 S.D. 14, ¶ 5, 827 N.W.2d at 370. To compute the date upon which the time for taking an appeal expired, we first identified that the appellant had thirty days to appeal under SDCL 15-26A-6. We then identified that SDCL 15-6-6(e) adds three days to this thirty-day period for a "period of time prescribed or allowed" of thirty-three days for purposes of SDCL 15-6-6(a).

[¶24.] Applying the reasoning in *Murphy* here, Abdulrazzak had thirty-three days to serve notice of appeal, subject to the computation under SDCL 15-6-6(a). Because it is undisputed Abdulrazzak did not serve notice of his appeal within thirty-three days of April 21, 2017, the circuit court properly dismissed his appeal.[5]

---

4.  The federal cases cited by the dissent do not involve a statutory scenario similar to the one examined here. Rather, in those cases, the federal courts interpreted the federal rules to avoid causing a party to have less time to appeal than would have been allowed had service occurred by hand. *See Lerro v. Quaker Oats Co.*, 84 F.3d 239, 241-42 (7th Cir. 1996); *Treanor v. MCI Telecomm's. Corp.*, 150 F.3d 916, 918-19 (8th Cir. 1998). Further, "federal interpretations of federal civil and appellate procedural rules are not binding on us" even if the rules are the same. *Sander v. Geib, Elston, Frost Prof'l Ass'n*, 506 N.W.2d 107, 122 (S.D. 1993).

5.  As the dissent recognizes, the federal rule was specifically amended to require that the three days be added after calculating the period under Rule 6(a). Our statute, in contrast, has not been amended. Further, although SDCL 15-6-6(a) and (e) are Court rules, "[i]t is not our task to revise or amend, *via judicial opinions*, statutes or court rules[.]" *Hannon*, 2001 S.D. 146, ¶ 8, 638 N.W.2d at 50 (emphasis added).

**2.    Whether the circuit court abused its discretion by denying Abdulrazzak's request for a standby attorney at the hearing on the motion to dismiss his appeal.**

[¶25.]    At the beginning of the hearing on the Board's motion to dismiss, the circuit court granted Abdulrazzak's request to discharge his court-appointed counsel. On appeal, Abdulrazzak claims that although he sought to discharge his current counsel, he "did not waive his right to have an attorney[.]" He contends he requested "a standby attorney" so he could fully understand the judicial rules, be provided legal advice, and be able to present his arguments without undue delay. According to Abdulrazzak, the circuit court denied his request.

[¶26.]    Abdulrazzak, as the appealing party, had the duty under SDCL 15-26A-48 to order a transcript of the proceeding from the court reporter within ten days after filing the notice of appeal. The record reveals that Abdulrazzak filed a notice of appeal from the circuit court's decision on July 3, 2018. On that same day, he filed an order for transcripts. He also filed an affidavit of inability to pay, but that affidavit related to a claim in small claims court and attested to his inability "to pay filing fees or service fees required in this legal action[.]" Nevertheless, Abdulrazzak's order for transcripts was not directed to the *court reporter*. Rather, Abdulrazzak submitted his order to the clerk of courts, the Board, and the attorneys of record.

[¶27.]    We observe that the record also contains a letter from Abdulrazzak to the Minnehaha County Clerk of Courts on October 23, 2018. In that letter, Abdulrazzak indicated that this Court granted him an extension of time to file his appellate brief and that this Court's order indicated that Abdulrazzak's request for

transcripts be made to the circuit court. Abdulrazzak then asked, in a letter to the clerk of the circuit court, whether his previously submitted order for transcripts had been granted by the circuit court and whether Abdulrazzak needed to submit a new request. In the letter, Abdulrazzak indicated that he did not know the name of the court reporter or the reporter's address. The clerk responded by letter on October 25, 2018, informing Abdulrazzak that it is his responsibility to serve a copy of his order for transcripts to the court reporter. The clerk further indicated that if Abdulrazzak did not know the reporter's name, he "should have contacted this office or Court Administration at the [listed] address." The clerk provided Abdulrazzak the name of the reporter and indicated that he could "contact her at the [listed] address regarding payment."

[¶28.] The record does not reveal that Abdulrazzak ever submitted an order for transcripts to the court reporter. The record contains a letter from Abdulrazzak to this Court dated November 11, 2018. In that letter, he relates that he contacted the Minnehaha County Clerk of Courts and was told he had to pay for the transcript. He did not, however, relate that the clerk gave him the court reporter's name and told him that he was required to submit a copy of the order to the court reporter. Nevertheless, Abdulrazzak claimed to this Court that he "would not be able to pay for and present a copy of the transcripts of the hearing[,]" and asked that we include his letter as part of the record.

[¶29.] Without a transcript from the June 4, 2017 hearing, we are left to speculate whether Abdulrazzak in fact requested substitute or standby counsel at the hearing on the Board's motion to dismiss. Similarly, even if Abdulrazzak made

the request and the circuit court denied it, we are unable to review the circuit court's reasoning without a transcript. As we have often indicated, "[t]he settled record is the sole evidence of the circuit court's proceedings and, when confronted with an incomplete record, our presumption is that the circuit court acted properly." *State v. Jones*, 416 N.W.2d 875, 878 (S.D. 1987). Because, here, we are without a transcript to review Abdulrazzak's claim, we conclude that (assuming a request was made at the hearing) the circuit court acted properly.

[¶30.] Within this same issue, Abdulrazzak contends that his attorney, before being discharged, "was constitutionally ineffective by not raising a judicial matter in connection with SDCL § 15-6-6(e)" and by failing to proceed with due diligence. He asserts he was prejudiced by his counsel's ineffectiveness such that the outcome of the Board's motion to dismiss would have been different.

[¶31.] As we recently explained in *State v. Kiir*:

> We rarely consider a claim of ineffective assistance of counsel on direct appeal. *State v. Thomas*, 2011 S.D. 15, ¶ 20, 796 N.W.2d 706, 713. This is because on direct appeal, trial counsel is unable to explain or defend actions and strategies and give a more complete picture of what occurred for our review. *Id.* ¶ 23. However, we have recognized that this Court "may consider unpreserved issues in certain cases involving claims of ineffective assistance of counsel." *Id.* ¶ 20. We do so "only when trial counsel was 'so ineffective and counsel's representation so casual as to represent a manifest usurpation of the defendant's constitutional rights.'" *Id.* ¶ 23 (quoting *State v. Arabie*, 2003 S.D. 57, ¶ 20, 663 N.W.2d 250, 256).

2017 S.D. 47, ¶ 19, 900 N.W.2d 290, 297.

[¶32.] From our review of the record, we cannot discern whether counsel was so ineffective and his representation of Abdulrazzak so casual that it constituted a manifest usurpation of Abdulrazzak's constitutional rights. Similarly, on this

record, we cannot obtain a clear picture of counsel's representation of Abdulrazzak overall. Because "in habeas proceedings, attorneys charged with ineffectiveness can explain or defend their actions and strategies, and thus a more complete picture of what occurred is available for review," we decline to consider Abdulrazzak's ineffective assistance of counsel claim on direct appeal. *See State v. Dillon*, 2001 S.D. 97, ¶ 28, 632 N.W.2d 37, 48.

[¶33.]     Affirmed.

[¶34.]     GILBERTSON, Chief Justice, and KERN, Justice, concur on Issues 1(c) and 2.

[¶35.]     JENSEN and SALTER, Justices, dissent on Issues 1(c) and 2.

[¶36.]     SALTER, Justice, dissenting on Issues 1(c) and 2.

[¶37.]     I believe the Court's opinion incorrectly computes the time Abdulrazzak had to file his notice of appeal. I must, therefore, respectfully dissent from that portion of the opinion.

[¶38.]     The provisions of SDCL 1-26-32.1 incorporate the rules of civil procedure into administrative actions "so far as the same may be consistent and applicable." *Herr v. Dakotah, Inc.*, 2000 S.D. 90, ¶ 15, 613 N.W.2d 549, 553 (quoting SDCL 1-26-32.1). Two rules of civil procedure are implicated by Abdulrazzak's time computation argument. The first is the general time computation rule found at SDCL 15-6-6(a), which provides in relevant part:

> In computing any period of time prescribed or allowed by this chapter, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday . . . in which event the period runs

until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than eleven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.

[¶39.]    In addition to this basic formula for computing the relevant "period of time," SDCL 15-6-6(e) extends any such period by providing that "three days shall be added to the prescribed period" when a party "has the right or is required to do some act . . . after the service of a notice or other paper upon him . . . by mail[.]" The question raised by Abdulrazzak's timeliness claim is whether the three-day mailing period is added before applying the computation rules of SDCL 15-6-6(a), or after.

[¶40.]    Read together, the text of the two rules supports the view that the initial computation of the "period of time" under SDCL 15-6-6(a) should precede the "add[ition]" of three days to account for mailing pursuant to SDCL 15-6-6(e). In this regard, SDCL 15-6-6(a) "speaks in terms of *computing* times allowed or prescribed by rules, while [SDCL 15-6-6(e)] speaks of *adding* to prescribed periods. . . . [O]ne cannot add to a period not yet defined or prescribed." *Nat'l Sav. Bank of Albany v. Jefferson Bank*, 127 F.R.D. 218, 222 n.7 (S.D. Fla. 1989). Other federal courts considering earlier versions of Federal Rules of Civil Procedure 6(a) and 6(e)[6] have generally reached the same conclusion.

---

6.    Both SDCL 15-6-6(a) and SDCL 15-6-6(e) are patterned after earlier versions of Federal Rules of Civil Procedure 6(a) and 6(e), and we have recognized that the decisions of federal courts can assist our efforts to interpret our corresponding rules. *See Nooney v. StubHub, Inc.*, 2015 S.D. 102, ¶ 8 n.1, 873 N.W.2d 497, 499 n.1 (observing that federal court interpretations of similar rules are not binding on this Court, but they may be useful for guidance).

[¶41.]    For example, in *Lerro*, the Seventh Circuit Court of Appeals held that "[t]he only way to carry out Rule 6(e)'s function of adding time to compensate for delays in mail delivery is to employ Rule 6(a) *first*." 84 F.3d at 242 (emphasis added). At issue was a ten-day time period viewed through the lens of the then-existing provisions of Federal Rule of Civil Procedure 6(a) which, like the current SDCL 15-6-6(a), excluded from time computation "intermediate" weekends and holidays for periods less than eleven days. *Id.* The court of appeals panel astutely observed that adding the three days for mailing first would convert the ten-day period to thirteen days and skirt the exclusion for weekends and holidays that would otherwise apply. *Id.* This result, the court concluded, would be contrary to the purpose of the three-day mailing period which was "to give a litigant approximately the same *effective* time to respond whether papers are served by hand or by mail." *Id.*[7]

[¶42.]    Ultimately, this approach of calculating the time period under Rule 6(a) before extending it for mailing under Rule 6(e) became universally applicable in federal courts through a 2005 amendment to what is now Rule 6(d). 1 James Wm. Moore et al., Moore's Federal Practice § 6 App. 104 (3d ed. 2019). In its current

---

7.    *See also Treanor*, 150 F.3d at 918-19 (relying upon *Lerro* and rejecting the initial application of Rule 6(e) to a ten-day period after service by mail because it would result in counting holidays and weekends that should be excluded under Rule 6(a)); *CNPq-Conselho Nacional de Desenvolvimento Cientificoe Tech. v. Inter-Trade, Inc.*, 50 F.3d 56, 59 (D.C. Cir. 1995) (holding that the three days for mailing under Rule 6(e) should be added at the end); *Tushner v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 829 F.2d 853, 855-56 (9th Cir. 1987) (holding that the response period in the case should be calculated first under Rule 6(a) and then adding the three additional days for mail service under Rule 6(e)).

form, Rule 6(d) specifically provides that, "[w]hen a party may or must act within a specified time after being served and service is made [by mail]. . . 3 days are added *after the time period would otherwise expire under Rule 6(a)*." Fed. R. Civ. P. 6(d) (emphasis added).

[¶43.] We have yet to adopt this change to our corresponding rule, making the earlier federal cases detailing the proper sequencing order for computing time particularly persuasive. Applying those holdings here, the Board's revocation order was served by mail on April 21, 2017. Excluding the day of service, Abdulrazzak's thirty-day period for filing an appeal ran on May 21, 2017. However, May 21 was a Sunday, and the operation of SDCL 15-6-6(a) would move the deadline to Monday, May 22. The three-day mailing period of SDCL 15-6-6(e) should then be added to make Abdulrazzak's notice of appeal due on Thursday, May 25, which was, in fact, the date on which it was filed with the clerk.

[¶44.] The Court's reliance upon *In re Guardianship of Murphy* is misplaced, in my view. Our holding in *Murphy* required nothing more than a straight-forward application of SDCL 15-6-6(e) to an initial thirty-day period that ended on an ordinary weekday.

[¶45.] The effect of the Court's adoption of what I believe to be the wrong rule will not be as apparent for longer time periods, such as the thirty-day period in this case. It will, however, become more conspicuous in cases where, for instance, a ten-day period is triggered by a notice served by mail. In this class of cases, the ten-day period will become thirteen days under the Court's holding, and the provisions of SDCL 15-6-6(a) requiring the exclusion of intermediate weekends and holidays will

become inapplicable. *See* SDCL 15-6-6(a) (requiring the exclusion of intermediate weekends and holidays for periods less than eleven days). The effect on litigants will be to actually *reduce* time periods within which they must act.

[¶46.]    Consider the illustrative situation where a party seeks to petition for an intermediate appeal of a circuit court order whose notice of entry was mailed on Friday, November 22, 2019. The provisions of SDCL 15-26A-13 require the petition to be filed with the clerk of the Supreme Court within ten days. Under the Court's rule, the three days for mailing are added first, converting the ten-day notice into a thirteen-day period which is longer than the eleven-day minimum period in SDCL 15-6-6(a). As a result, the intermediate weekends and holidays would not be excluded, and the petition would be due on Thursday, December 5. This period, however, allows the party less time to file the petition than the party would have had *even without adding three days for mailing*. Indeed, simply excluding the intermediate weekends and Thanksgiving holiday for the ten-day period would make the petition due on Monday, December 9.

[¶47.]    Because the Court's method of computing time cannot be justified textually, or by decisional law or workability, I would reverse the circuit court's order dismissing Abdulrazzak's administrative appeal as untimely and remand the case for further proceedings. Given the necessity of a remand and the sparse appellate record, I would decline to address Abdulrazzak's standby counsel argument on its merits and allow the circuit court to revisit the issue and appoint counsel if appropriate.

[¶48.]    JENSEN, Justice, joins this writing.